STOULIG, Judge.
This tort action concerns an automobile accident of December 18, 1967, the facts and circumstances of which are in no way relevant to the questions at bar. The plaintiff, by original petition, sued for trial before the Twenty-Fourth Judicial District Court of Jefferson Parish. On March 2, 1970, however, the plaintiff filed a supplemental and amended petition containing a request for trial by jury. The court granted the plea for trial by jury contingent upon the plaintiff’s furnishing bond in the amount of $500.00 within 60 days of the date of the order, March 3, 1970.
This deadline was not met as the bond was not made until May 27, 1970. On September 8, 1970, the lower court denied a motion to fix the case for trial by jury, ordering it to be placed upon the regular docket for trial before the court alone. The plaintiff has appealed from that order, acknowledging that the decree is interlocutory, but alleging irreparable injury or harm.
Although the defendants contest the right to an appeal from this ruling, it is a proper procedure. LSA-C.C.P. art. 2083 expressly recognizes the right to appeal an interlocutory judgment causing irreparable injury. The denial of trial by jury falls within this rule. As the first circuit observed in Wilson Sporting Goods Co. v. Alwes, 17 So.2d 382 (La.App. 1st Cir. 1944), at page 384,
“The appeal here is one from an interlocutory judgment denying the defendant the right to have the case tried by a jury. From what was said in the prevailing opinion of the Supreme Court in refusing the writs in this case, above quoted, and from what was said in the above cited case, we conclude that the interlocutory judgment appealed from is one that would work an irreparable injury to defendant by depriving him of a trial by jury, if he is entitled to a jury trial. There would seem to be no reason to force defendant to go to the expense of trying his case before the court, while on an appeal from a judgment on the merits, he might be able to convince the appellate court that his case should have been tried by a jury and thus have the entire trial nullified and the case tried over before a jury. It would be a diffi *847 cult matter to ascertain in such a sitúation just how the defendant could be compensated in money by reason of such a denial.”
Thus, the plea that the case has not been properly brought before this court is denied.
We turn now to the merits of the appeal. The court below, in setting a 60 day limit for making bond and in ordering trial before the court alone when this deadline was not met, acted pursuant to Rule IX, Sec. 4 of the Civil Rules of the Twenty-Fourth Judicial District Court of Louisiana in and for the Parish of Jefferson. That section reads as follows:
“Section 4. Where the amount of bond to be furnished by a litigant has been set by order of court in accordance with the provisions of Section 2, the party requesting the trial by jury or an adverse party will have a period of thirty (30) days within which to file said bond. In the event the bond is not filed within the above delay, the case will be set for trial in due course on the regular docket without a jury.”
It is well settled that local rules have the effect of law upon the court as well as litigants so long as they do not contravene legislative enactments. Trahan v. Petroleum Casualty Company, 250 La. 949, 200 So.2d 6 (1967).
The legislative enactment excluding Orleans Parish[1] governing the same area is LSA-R.S. 13:3050. That statute provides as follows:
“In all civil cases in which a jury is prayed for and allowed, the jury shall be composed of twelve members, nine of whom concurring may render a verdict. The party praying for the jury shall deposit with the clerk of the court twelve dollars as jury costs and shall give bond in favor of the parish for such amount as may be determined by the judge to cover the additional cost of the jury, with the right to have the same taxed as costs against the party cast in the suit. No jury shall be ordered in any civil case unless the deposit is made and the bond given.”
This language governs those situations in which trial by jury is ordered by reason of the prayer of motion of a party. It confers upon the trial judge two functions:
(1) The duty to order a trial by jury where the right of jury trial exists, fixing, as a corollary, the amount of the bond to be filed;
(2) The enforcement of this order by not ordering trial of the matter unless the bond is given and the deposit made, i.e. not ordering the jury commissioners to select a venire.
There are no statutory penalties for failing to pay the jury costs or post a bond, except that the trial judge is inhibited from ordering the drawing of a jury venire to try the matter. Upon filing of the motion to set the matter for trial on its merits by a jury, the judge is empowered only to convert it to a judge trial in the event of the non payment of jury costs or failure to post bond. It therefore follows, the payment of costs or furnishing of bond, at any time prior to the filing of the motion to set the matter for trial by jury, is timely under the statute.
The statute also provides:
“When the judge, ex-officio, shall order a jury in a civil case, the plaintiff shall advance and pay to the clerk twelve dollars for jury costs, which shall be taxed finally against the party cast in the suit. In case the plaintiff fails to advance the costs so ordered the cause shall be continued for thirty days in districts composed of one parish and in districts composed of more than one parish, to the next session of the court, and should plaintiff fail to advance the jury *848 costs within six months from the time the petition was filed, his suit shall be dismissed, as in case of non suit. >>
This court has expressly recognized that the words “ex-officio” in this statute are used only in the sense of “ex-proprio motu” or “of his own accord.” Coates v. State Farm Mutual Automobile Ins. Co., 169 So.2d 210 (La.App. 4th Cir. 1964). Thus, this section of the statute, including the penalties provided, relates only to cases in which the court, itself, wishes trial by jury, acting on its own motion rather than that of a party.
Inasmuch as this case involves a trial by jury ordered at the request of a party, only the first portion of the statute applies, and the posting of bond is proper at any time prior to a motion to set the case for trial. Indeed, it is only after the filing of this kind of motion that it becomes necessary for the court to fulfill its function of providing a venire.
The statute does not confer upon the trial court, either expressly or by implication, the authority to modify the right to trial by jury by circumscribing the right of a litigant to a period of 30 or 60 days. Such a limitation contravenes the right to file bond at any time before the motion to fix the matter for trial and to that extent the rule of the Twenty-Fourth Judicial District Court upon which the court acted in denying trial by jury is void. This being the case, the bond in question, which was filed within the time limit prescribed by statute, must be construed as timely by this court.
We note also that even had we found no conflict between the statute and the rule our conclusion would remain the same. The civil rules of the Twenty-Fourth Judicial District Court were never offered in evidence, and form no part of the record transmitted before this court. Accordingly, our consideration, in either event, would remain confined to the question of compliance with the legislative enactment.
For these reasons, the order appealed from is set aside, and the case is remanded for further proceedings consistent with this opinion. Plaintiff-appellant is assessed with the costs of this appeal, the assessment of all other costs to await a final judgment.
Reversed and remanded.

. LSA-R.S. 13:3105.