300 So.2d 659 (1974)
Lester J. LATINO and Peter J. Latino
v.
Keith W. RUSH, Jr., et al.
No. 6437.
Court of Appeal of Louisiana, Fourth Circuit.
September 19, 1974.
*660 Uddo & Gertler, M. H. Gertler, New Orleans, for relators.
Hammett, Leake & Hammett, Donald A. Hammett, New Orleans, for respondents.
Before SAMUEL, STOULIG and MORIAL, JJ.
STOULIG, Judge.
On application of Lester J. Latino and Peter J. Latino, plaintiffs-relators, we granted alternative writs of mandamus and certiorari to ascertain the validity of the judgment of the trial court dated May 17, 1974 dismissing relators' rule to have this case placed on the court's jury trial docket and fixed for a jury trial in accordance with law.
The facts pertinent to our consideration of the issues involved in this writ may be summarized as follows: Relators filed a personal injury action against the respondents and in connection therewith sought a trial by jury. The trial judge granted their request and ordered a trial by jury conditioned upon the relators posting a jury cost bond and fees on or before October 31, 1973. With the filing of the last responsive pleading on November 7, 1973 issue was joined on the main, reconventional, and third-party demands.
On the written motion of relators dated January 25, 1974 to set the matter for trial on its merits, the trial judge on the same date ordered "that this case be placed on the proper call docket for fixing and trial, on the merits, in due course, according to the rules and practice of the court." At this point in time the jury fees had not been deposited or the cost bond filed. It was not until March 21, 1974some two months after the filing of the motion to set the matter for trial on its merits and approximately five months after the expiration of the time set forth in the trial court's orderthat relators posted the prescribed jury bond and fees. Thereafter on April 25, 1974, plaintiffs filed a rule for the defendants to show cause why the matter should not be placed on the court's jury trial docket and fixed for trial in accordance with law. Judgment was rendered on May 17, 1974 dismissing plaintiffs' rule and it is the validity of this judgment that is the subject of review under our alternative writs.
LSA-R.S. 13:3105 is the statutory procedure governing civil jury trials in Orleans Parish. It provides, inter alia, that:
"* * * No case triable by jury shall be placed on the court's jury trial docket or fixed for trial unless the deposit is made and the bond given. If such deposit and bond is not deposited and filed within the time fixed for so doing by the court, the opposing party shall have a right to demand that the case be tried by the court, rather than by a jury."
This provision contains the only sanctions imposed by the statute for the failure to post the deposit and bond within the time fixed by the order of the trial judge.
Since the opposing parties (defendants-respondents) did not exercise their right to demand that the case be tried by the court rather than the jury, we need not be further concerned with this provision of the statute.
Under the explicit terms of R.S. 13:3105 no case triable by jury shall be placed on the court's jury trial docket or fixed for trial unless the deposit is made and the bond given. It therefore follows that the trial judge is prohibited from conducting the trial by jury or even placing the case on the jury trial docket if the required jury bond and other costs have not been deposited.
When relators presented their motion to set the matter for trial, they had not posted the prescribed jury bond and related costs. Therefore the resultant order of court of the same date that "this case be placed on the proper call docket for fixing and trial, on the merits, in due course, according *661 to the rules and practice of the court" had the legal effect and consequence of placing it on the court trial docket since the statute expressly prohibited it from being placed on the jury trial docket.
The plaintiffs' action of filing the motion to place the matter "on the proper call docket" knowing that under the statute it would have to be placed on the court trial docket constitutes a waiver of relators' request for trial by jury and is an acquiescence to a trial by the judge alone. The subsequent posting of the bond and other fees cannot revive or breathe life into a procedural right which has become extinguished by the plaintiffs' own inaction. We are of the opinion that the judgment of the trial court dismissing plaintiffs' rule to have this case placed on the jury trial docket is correct.
For the reasons assigned, it is ordered that the alternative writs of mandamus and certiorari herein issued be recalled, set aside and annulled, and that the relators' demand be rejected.
Writs recalled and relators' demand rejected.