BEER, Judge.
Essential to a consideration of this matter are the following chronological steps:
*274 1. July 30, 1973, plaintiff-appellant Langston’s Furniture and Appliance, Inc. (hereafter Langston) sued defendant-ap-pellee Frigidaire Sales Corporation (hereafter Frigidaire) in Civil District Court for the Parish of Orleans alleging breach of contract resulting in damages in the amount of $63,500.00.
2. Frigidaire, served on August 3, 1973, filed its answer on September 19,1973.
3. September 27, 1973, Langston requested trial by jury. The court ordered trial by jury conditioned as follows:
“LET THERE BE A TRIAL BY JURY upon applicant for Jury Trial posting a JURY COST BOND as required by law in the amount of $500.00 on or before the 31st day of October, 1973.
“IT IS FURTHER ORDERED that on or before the date of trial the applicant for Jury Trial be, and said applicant is hereby ordered to deposit a minimum of $129.09 $192.00 Cash for each day the trial is estimated to last.”
4. October 3, 1973, Langston, through counsel, filed motion suggesting case to be ready for triál on its merits and the court ordered that the case “ * * * be placed on the proper call docket for fixing and trial, on the merits, in due course, according to the rules and practice of the Court.” (Emphasis ours.)
5. October 31, 1973 came and passed without the bond being filed.
At the hearing on the Rule to Show Cause why the case should not proceed to trial without a jury, Langston’s able counsel explained the oversights which had caused the time to pass without the bond being filed. The trial court made the rule absolute and this appeal resulted.
We must affirm.
In Latino v. Rush, 300 So.2d 659 (La. App. 4th Cir. 1974), this court, speaking through Judge Stoulig, set the guidelines which the trial court obviously (and correctly) followed in this case.
Contrary to appellant’s contention, there is no inconsistency between Latino and the prior decision of this court, again speaking through Judge Stoulig, in Jennings v. Coleman, 250 So.2d 845 (La.App. 4th Cir. 1971). In Jennings (a Jefferson Parish suit), the bond-posting procedure was prescribed by LSA-R.S. 13:3050; In Latino (an Orleans Parish suit), by LSA-R.S. 13:3105. Further, the result under the facts .of the case at bar would have been the same even if 13:3050 was applied since the bond was still filed too late.
In any event, there is no validity to appellant’s contention regarding the alleged unconstitutional procedural distinctions between Orleans and other parishes. Preter-mitting the consideration that the attorney general’s office was not made a party to the proceedings, we feel this matter is clearly covered by State v. Guidry, 247 La. 631, 173 So.2d 192 (1965).
As we have been obliged to state in previous similar matters, the final responsibility for checking his pleadings and the subsequent orders of the - court resulting therefrom rests ultimately and, indeed, exclusively with the attorney. Even when he may be understandably and unintentionally diverted from this responsibility, the obligation nevertheless relentlessly exists.
For these reasons, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.