LEMMON, Judge,
concurs and assigns reasons.
The right to a civil jury trial is a statutory right to which a party is entitled when he makes a timely request and complies with the other requirements of the governing statutes. At issue in this case is the requirement of a bond. No positive law delineates the time period within which the bond must be filed, but R.S. 13:3050 provides that “(n)o jury shall be ordered in any civil case unless the bond is given” by the requesting party.
In the present case the defendant requested a jury trial in its answer, whereupon plaintiff immediately filed a motion to fix the case for trial. The trial judge, believing he was prohibited by R.S. 13:3050 from setting the date for trial by jury (be *1114 cause the recently ordered bond had not yet been filed) and reluctant to hold the motion to fix in abeyance (because of administrative problems in keeping up with records) set the case for trial before the judge without a jury.
This action, while expedient, constituted an unreasonable denial of defendant’s statutory right to a jury trial. A party who has timely requested a jury trial and has otherwise complied with the statute must be afforded a reasonable time to post the bond. If administrative problems exist, the problems must be confronted and resolved by court rule (which does not contravene the statutes that authorize jury trial) or by reasonable exercise by the trial judge of his inherent powers.
The above quoted provision of R.S. 13:3050 does not prohibit (when the bond has not yet been filed) the fixing of a date for trial by jury, but rather prohibits the ordering of a jury. This court in Jennings v. Coleman, 250 So.2d 845 (La.App. 4th Cir. 1971), interpreted the quoted provision (which read essentially the same at the time) as referring to the order for the commissioners to draw a jury venire.[1]
The trial judge in the present case could have issued an order (1) fixing the date for trial and (2) commanding the drawing of the venire at some earlier date, contingent upon the bond being filed on or before the earlier date (but not less than a reasonable time after issuance of the order). Or he could have issued some other reasonable order. But under the circumstances of this case he could not reasonably require the requesting party, in order to avail himself of his statutory right, to win a race to the courthouse with his bond before his opponent got there with a motion to fix (especially when the requesting party was not even notified of post time or of the fact that a race was to take place).

. In the Jennings case the trial judge had ordered the filing of a jury bond within 60 days of signing the original request for jury trial, in accordance with a local rule of court. The requesting party filed the bond after the 60 days had elapsed and later moved to fix the case for trial. The trial judge refused to place the case on the jury docket because the bond had not been filed timely. This court ordered the case placed on the jury docket, holding that such a limitation was unreasonably restrictive because “the posting of bond is proper at any time prior to a motion to set the case for trial”, since “it is only after the filing of this kind of motion that it becomes necessary for the court to fulfill its function of providing a venire.”
The Jennings decision implicitly found unreasonable the requirement of a bond at a point in time perhaps many months or even years (depending upon when the venire was eventually ordered to be drawn) before the bond served any useful purpose. Clearly, that decision (holding a limitation unreasonable when imposed before the filing of a motion to fix) is not authority for denying the requesting party a reasonable time to post the bond when the other party files a motion to fix immediately after the request for jury trial. Neither does that decision prohibit a court rule or an order prescribing a reasonable period for filing the bond with beginning and ending dates reasonably related to the time of drawing the jury venire.