STOULIG, Judge,
dissenting in part.
I am in accord with the rationale expressed in the majority opinion but dissent from its result.
R.S. 13:3050 governing civil jury trials in parishes other than Orleans is silent as to the time specified for the posting of a jury bond. In the absence of such a provision there is implied in the statute a reasonable time within which to filé the bond specified in the order granting the jury trial. What constitutes a reasonable time is dependent upon the circumstances and facts of each case.
There is a presumption that the trial judge acts with full knowledge of and in accordance with the intent and spirit of the law. Additionally the trial judge is intimately conversant with the circumstances attendant upon the issuance of and compliance with his order granting a jury trial and is therefore in the more advantageous position to determine if the litigant has been afforded a reasonable time within which to file his jury bond. In the absence of a palpable and manifest abuse of the trial judge’s discretion in his determination *1115 of a reasonable time in each particular case, his action should not be disturbed.
There is nothing in the record to indicate the trial judge was not acting either in the spirit of the statute or that he abused his discretion under the circumstances peculiar to the instant matter. From the posture of the case as presented, I cannot conclude that the passage of 13 days did not afford the relator a reasonable opportunity to post the bond specified in the order of the court.
I agree with my colleague that the case of Jennings v. Coleman, 250 So.2d 845 (La. App. 4th Cir. 1971), is not apposite to the facts in the instant matter; however, I differ in the distinctions expressed in the concurrence.
For these reasons I am of the opinion that the action of the trial court should be affirmed and therefore dissent in part from the majority view.