442 So.2d 833 (1983)
Inez S. GIBBONS
v.
NEW ORLEANS PUBLIC SERVICE, INC.
No. CA 0859.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1983.
*834 James Maher, III, New Orleans Public Service, Inc., New Orleans, for defendant and appellant.
John G. DeRussy, New Orleans, for plaintiff and appellee.
Before REDMANN, C.J., and CIACCIO and WILLIAMS, JJ.
CIACCIO, Judge.
Defendant-appellant, New Orleans Public Service, Inc., appeals from a trial court judgment which awarded plaintiff damages for injuries allegedly sustained in an automobile accident. Appellant argues that the trial court committed two errors affecting the judgment: (1) The damage award is excessive; and, (2) The jury should not have been dismissed, and the verdict should not have been rendered by the trial judge alone. We find merit in appellant's argument that the jury should not have been dismissed. We, therefore, remand this matter to the trial court with instructions that the trial court afford defendant a jury trial.
Plaintiff filed a petition alleging defendant's liability for damages allegedly sustained by plaintiff in an automobile accident. Defendant filed an answer to plaintiff's petition wherein defendant requested a trial by jury.
The following jury order was signed by the district court:

JURY ORDER
Let there be a trial by JURY upon applicant for jury trial depositing in the registry of the court the sum of $192.00 for each day the court estimates the trial will last, the said deposit to be made on or before the date of trial, prior to the commencement of the trial.
The record does not contain any indication that the court ever estimated the number of days the trial would last. Nevertheless, prior to the commencement of the trial, defendant deposited a sum appropriate for a single day of trial.
Trial commenced on October 19th. On this first day of trial, all of the witnesses testified, except one. Trial was recessed until the next morning.
On the morning of October 20th, the parties and the trial judge discussed settlement possibilities, but were unable to reach an agreement. Trial resumed and defendant called its last witness. Prior to this witness taking the stand, however, plaintiff's counsel, after a bench conference with the judge, moved the court to dismiss the jury for defendant's failure to pre-pay jury costs for the second day of trial.
Defendant's counsel informed the court that shortly someone would arrive with a check to cover the jury costs for the second day of trial. The trial judge was unimpressed and ordered the jury dismissed on the ground that "under the law the Jury costs must be paid in advance of the trial on a daily basis." Defendant objected to dismissing the jury and asked for time to apply for writs. The judge refused this request for time, refusing to delay the trial. The trial judge then dismissed the jurors but advised them that they would be paid as if they had served on the second day of trial.
Defendant's final witness testified to the court alone. Plaintiff testified in rebuttal. Both counsel waived closing argument. The judge then gave his verdict from the bench, finding in favor of plaintiff and awarding her damages. The judge also taxed defendant for two days of jury costs. By this action the trial judge denied defendant a jury trial but made defendant pay two days of jury costs.
*835 We find no legal basis for the trial judge's notion that "Jury costs must be paid in advance of the trial on a daily basis." La.R.S. 13:3105 controls the procedure for the payment of the costs associated with a jury trial in Orleans Parish Civil District Court. Section 10 of Rule 10 of the Rules of the Civil District Court for the Parish of Orleans supplements the statutory provisions. These legal provisions read as follows:
Sec. 3105. Compensation of jurors in civil cases
A. Those serving as jurors in the trial of civil cases triable by a jury in the Civil District Court for the Parish of Orleans shall be entitled to compensation of sixteen dollars each for each and every day, or part of a day, on which they serve as jurors in any civil case, the said sum total to be charged as costs and paid by the party cast for such costs. The party praying for the jury shall deposit with the clerk of the civil district court the sum of sixteen dollars as jury costs. In addition, prior to the commencement of the trial, the party praying for the jury shall deposit in the registry of the court the sum of one hundred ninety two dollars for each day the court estimates the trial will last. No case triable by jury shall be placed on the court's jury trial docket or fixed for trial unless the sixteen dollar deposit is made. No such trial by jury shall commence until the additional deposit provided for herein is made. (emphasis supplied)
Section 10. All orders permitting the trial by jury shall be conditioned upon applicant for jury trial depositing in the registry of the court the sum of $192.00 for each day the court estimates the trial will last, the said deposit to be made on or before the date of trial prior to the commencement of the trial.
Upon the termination of the jury trial each juror shall be paid $16.00 per day for each day or part of day served. (emphasis supplied)
(Paragraphs B. and C. of La.R.S. 13:3105 do not assist in the analysis of this case.)
Once a case has been placed on the court's jury trial docket, the party requesting the jury trial must deposit, prior to the commencement of trial, one hundred ninety-two dollars for each day the court estimates the trial will last. The statute instructs the court not to begin the trial until this deposit has been made. No other sanction is provided.
The minimum deposit to preserve a requested trial by jury would be that amount appropriate for a one day trial, i.e. one hundred ninety-two dollars, assuming that the sixteen dollars required to have the case placed on the jury docket is deposited. In the absence of a trial court estimate of the duration of the trial, defendant made the appropriate additional deposit prior to the commencement of trial. Once the deposit had been made, the trial could begin.
Plaintiff has cited two cases for the proposition that if the applicant for trial by jury does not timely file the bond required to support his application, the right is extinguished and the opposing party has the right to demand a trial by the court alone. See: Becker v. Allstate Insurance Company, 307 So.2d 101 (La.1975) and Latino v. Rush, 300 So.2d 659 (La.App. 4th cir. 1974). We point out that the law has changed since these decisions were rendered. Prior to its amendment by Act 233 of 1975, La. R.S. 13:3105 provided:
"... If such deposit and bond is not deposited and filed within the time fixed for so doing by the court, the opposing party shall have a right to demand that the case be tried by the court, rather than by a jury."
The law no longer contains this provision, thus, it is no longer available for use. Additionally, we note that the only time limit upon defendant for depositing the additional daily costs was that the deposit be made prior to the commencement of trial. Defendant made the deposit, the amount of which was not challenged by the court or the opposing party, before the trial began. The trial in this case did begin. After the first day the trial judge ordered a recess *836 until the next morning. On the morning of the second day the trial resumed, and proceeded to its conclusion.
In this case, the trial judge did not have any authority to dismiss the jury because of defendant's failure to pay a second day of jury costs. The court is mandated to estimate the number of days the trial will last and not to begin the trial until the additional deposit corresponding to the court's estimate has been made. Absent an estimate by the court, a deposit for a one-day trial is sufficient to allow trial to begin. Once the trial has begun, the jury shall not be dismissed because the length of the trial happens to exceed the number of days for which a deposit has been made. By dismissing the jury, without authority, the trial court improperly deprived defendant of its right to a trial by jury. La.C.C.P. Arts. 1731-1735. Preservation of defendant's right to a jury trial can be accomplished, at this stage, only by remanding the case to the trial court for the purposes of conducting a jury trial.
Accordingly, the judgment of the trial court is annulled and the case is remanded to the trial court with instructions to afford defendant a trial by jury upon defendant depositing in the registry of the court, prior to the commencement of trial, the sum of one hundred ninety-two dollars for each day the court estimates the trial will last.
All costs of this appeal are to be paid by plaintiff-appellee. All other costs must await the final determination of this matter.
ANNULLED AND REMANDED.