KLEES, Judge.
This appeal arises from a suit brought by the plaintiff, Lisa Palumbo, against the defendants, David Phillips and his employer, for damages she sustained in an automobile accident. After dismissing the jury prior to the presentation of the plaintiff’s case for non-payment of jury costs, the trial court found both parties to be fifty per cent (50%) negligent. The plaintiff now appeals.
On October 4, 1983, the plaintiff was travelling south on Carrollton Avenue when she collided with the defendant’s truck as it crossed Carrollton Avenue on Earhart Boulevard. There is a dispute over which party had the red light. The plaintiff’s car was demolished and her injuries included facial lacerations, an injured left knee, neck and back soft tissue injuries and a fracture of the nose.
After filing suit for these injuries, the plaintiff filed a motion for a jury trial. This motion was granted and on April 17, 1985, the trial judge issued a jury trial bond order which read as follows:
Let there be trial by jury upon applicant for jury trial posting bond in the amount of ten dollars ($10.00) within thirty (30) days of the signing of this order and upon applicant depositing in the Registry of Court the sum of one hundred ninety-two dollars ($192.00) for each day of the trial and an additional sixteen dollars ($16.00) for each day of trial for any alternate juror, the said deposit to be made on or before the date of trial, prior to the commencement of the trial ...
1. This order should be signed, and mailed with the Notice of Trial.
2. The bond, cash or surety, must be filed within thirty (30) days of the above order, otherwise the applicant loses his right to trial by jury.
3. In the event the applicant for Jury does not timely file the bond, any other party shall have an additional ten (10) days to file the bond. C.C.P. 1733-1734
According to the order, the plaintiff had until May 17, 1985 to post a ten dollar ($10.00) bond to reserve her right to jury trial. The bond was not posted and no jury costs were paid by the plaintiff.
The case proceeded to trial. On the first day of trial voir dire was conducted on members of the jury panel and a jury was selected. The trial judge asked to see the plaintiff’s receipt for paying the jury costs. When the plaintiff’s counsel did not respond and the trial judge realized that the costs were not paid, he dismissed the jury. Plaintiff’s writs to this court and to the Supreme Court were denied.
*631 On appeal plaintiff argues that the trial judge exceeded his authority in denying the plaintiff her right to jury trial. We disagree.
The jury order issued by the trial judge explicitly stated what steps the plaintiff needed to follow in order to preserve her right to jury trial. The plaintiff chose not to follow these steps. The jury order explicitly stated that failure to follow these steps would result in loss of her right to trial by jury. The trial judge’s authority for issuing such orders is set forth in Louisiana Revised Statute 13:3105(A) and in Rule 10 Section 10 of the Civil District Court Rules for the Parish of Orleans.
As this court held in Latino v. Rush, 300 So.2d 659 (La.App. 4th Cir.1974) this statute prohibits the tidal judge from conducting the trial by jury if the required jury bond and other costs have not been deposited. In the case at bar, the trial judge in no way exceeded his authority by dismissing the jury. In fact, he gave the plaintiff a longer time than required by statute to pay the jury costs. The trial judge could have refused to allow the case to be placed on jury trial docket for non-payment of the jury bond.
The plaintiff relies on Gibbons v. New Orleans Public Service, 442 So.2d 833 (La.App. 4th Cir.1983) in support of his assertion that the trial judge exceeded his authority in dismissing the jury. In Gibbons, the defendant requested a jury trial and posted the requisite bond. After estimating that the trial of the matter would be completed in one day, he posted the jury costs for a one day trial. On the second day of trial, the plaintiff moved to have the jury dismissed for failure to prepay jury costs. The trial judge dismissed the jury on this ground. This court remanded the case, holding that the jury shall not be dismissed because the length of the trial exceeds the number of days for which a deposit has been made.
In the case at bar, the plaintiff made no attempt to deposit any jury costs until after voir dire was conducted and the jury impaneled. Thus, the trial had already begun and the plaintiff had lost her right to a trial by jury. If we were to allow applicants for jury trial to pay the jury cost after the jury is impaneled, they could simply refuse to pay the jury costs if they were dissatisfied with the jury and the jury would be dismissed. This would result in an unnecessary waste of time for the prospective members of the jury, the attorneys, and the courts.
The plaintiff next argues that the trial judge’s finding that both parties were fifty percent (50%) negligent in causing the collision was not supported by the facts presented at trial. We disagree.
The plaintiff testified that she was watching the signal light as she approached Earhart Boulevard. She claims that the light turned green just as she reached Earhart and she proceeded to cross this street travelling at approximately thirty-five miles per hour. She looked up and saw the defendant’s truck, applied her brakes and struck the rear wheel of the truck. The defendant testified that the signal turned from green to yellow when he was a half block away from the intersection. He continued through the intersection at a constant speed of thirty-five miles per hour and claims he had a yellow light at the time the plaintiff’s car struck his truck. He claims not to have seen plaintiff’s car. A pedestrian who witnessed the accident testified that the plaintiff had a green light and the defendant accelerated in an attempt to clear the intersection. Two experts in the field of vehicle accident reconstruction testified on behalf of the defendant. They stated that if the light on Earhart turned from green to yellow when the defendant was a half block away (as the defendant and the eye witness testified it did), then the defendant travelling at a constant speed of thirty-five miles per hour would have cleared the intersection before the light turned red. The experts also estimated that the plaintiff’s speed was in excess of forty to forty-five miles per hour.
We conclude that there were ample facts in the record to find the plaintiff fifty percent at fault in causing the collision.
*632 The defendant argues that the evidence presented shows the plaintiff’s negligence to be the sole cause of the accident and requests that the judgment be modified accordingly. However, as the defendant did not appeal nor answer the appeal, this argument will not be considered. La.C. C.P. Art. 2133. Kel-Kan Inv. Corp. v. Vilage of Greenwood, 418 So.2d 669 (La.App. 2nd Cir., 1982), rev’d on other grounds, 428 So.2d 401 (La.1983).
For the above stated reasons the decision of the trial court is affirmed.
AFFIRMED.