KLEES, Judge.
This appeal arises from a suit brought by the plaintiff, Irene Callahan, against the defendants, Mark Davi, his employer, An-heuser-Busch, Inc., and its insurer, XYZ Insurance Co., for damages she sustained when she tripped and fell at Ramada Inn, her place of employment. After dismissing *483 the jury prior to the presentation of the plaintiffs case for non-payment of jury costs, the trial judge dismissed the suit against the defendants finding they breached no duty of care owed to the plaintiff. The plaintiff now appeals.
The plaintiff was employed as a cashier and hostess at the restaurant in the Ramada Inn on Airline Highway. On April 30, 1985, at the beginning of her lunch break, the plaintiff went to the time clock to clock out but the time cards were missing. Since it was the end of the month, the time cards were in the comptroller’s office for preparation of the payroll. The plaintiff then went to the comptroller’s office to obtain a time card. Ms. Rosa Charana, the executive secretary for the Ramada Inn, was at her desk in the comptroller’s office and the defendant, Mr. Mark Davi, a deliveryman for Anheuser-Busch, was standing near the doorway with his left shoulder leaning against the wall and his right foot approximately six inches behind his left. The plaintiff got her time card, walked out of the office, down the hallway and clocked out. On her return to the comptroller’s office to replace the time card, the plaintiff passed Mr. Davi and her left foot struck the inside of his right foot. She then fell to the floor seriously injuring her back and neck.
After filing suit for these injuries, the plaintiff filed a motion for a jury trial. This motion was granted and on June 11, 1985, the trial judge issued a jury trial bond order which read as follows:
Let there be trial by jury upon applicant for jury trial posting bond in the amount of ten dollars ($10.00) within thirty (30) days of the signing of this order and upon applicant depositing in the Registry of the Court the sum of one hundred ninety-two dollars ($192.00) for each day of the trial and an additional sixteen dollars ($16.00) for each day of trial for any alternate juror, the said deposit to be made on or before the date of trial, prior to the commencement of the trial ...
1.This order should be signed, and mailed with the Notice of Trial.
2. The bond, cash or surety, must be filed within thirty (30) days of the above order, otherwise the applicant loses his right to trial by jury.
3. In the event the applicant for Jury does not timely file the bond, any other party shall have an additional ten (10) days to file the bond. C.C.P. 1733-1734
In accordance with the jury order, the plaintiff timely filed the cash bond, but she failed to timely pay the other jury costs as required by the order.
The case proceeded to trial. On the morning of trial, two pre-trial conferences were held in the judge’s chambers. After the second pre-trial conference, the trial judge stated he would be ready to start the trial in three minutes. Shortly thereafter, the trial judge took the bench and called the matter for trial. The jury panel was sworn in immediately. Prior to jury selection or voir dire by the court or counsel, the trial judge requested receipt of payment of the jury fee from the plaintiff’s counsel. When plaintiff’s counsel responded that he had not yet paid the jury costs, the trial judge dismissed the jury.
On appeal, the plaintiff argues that the trial judge exceeded his authority in denying the plaintiff her right to a jury trial. We disagree.
In giving his reasons for dismissing the jury, the trial judge correctly cited our decision in Palumbo v. Phillips, 504 So.2d 629 (La.App. 4th Cir.1987). Our reasoning in that case is applicable to the present matter. We stated in Palumbo,
The jury order issued by the trial judge explicitly stated what steps the plaintiff needed to follow in order to preserve her right to jury trial. The plaintiff chose not to follow these steps. The jury order explicitly stated that failure to follow these steps would result in loss of her right to trial by jury. The trial judge’s authority for issuing such orders is set forth in Louisiana Revised Statute 13:3105(A) and in Rule 10 Section 10 of the Civil District Court Rules for the Parish of Orleans.
As this court held in Latino v. Rush, 300 So.2d 659 (La.App. 4th Cir.1974) this *484 statute prohibits the trial judge from conducting the trial by jury if the required jury bond and other costs have not been deposited. In the case at bar, the trial judge in no way exceeded his authority by dismissing the jury. Id. at ,631.
The plaintiff in the instant matter argues the trial had not commenced when the trial judge dismissed the jury panel because voir dire examination had not started, the jury had not been selected and plaintiff counsel’s opening statement had not begun. This argument lacks merit. In the present case, the plaintiff made no attempt to deposit the jury costs until after prospective jurors were sworn. As we stated in Pa-lumbo,
If we were to allow applicants for jury trial to pay the jury cost after the jury is impaneled, they could simply refuse to pay the jury costs if they were dissatisfied with the jury and the jury would be dismissed. This would result in an unnecessary waste of time for the prospective members of the jury, the attorneys, and the courts. Id.
Therefore, we conclude the trial judge’s finding that the trial had already begun and the plaintiff had lost her right to a trial by jury was correct.
The plaintiff next argues that the trial judge’s finding that the defendants breached no duty of care owed to the plaintiff was in error.
Louisiana jurisprudence indicates that in a tort action the courts are to apply a “duty-risk” analysis to determine whether liability exists under the facts of a given case. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972). The court in Mart v. Hill, 505 So.2d 1120 (La. 1987) explained that the duty-risk method entails the following inquiries:
1. Was the conduct in question a cause-in-fact of the resulting harm?
2. What, if any, duties were owed by the respective parties?
3. Were the requisite duties breached?
4. Was the risk, and harm caused, within the scope of the protection afforded by the duty breached? Id. at 1122
For alleged wrongful conduct to be actionable negligence, it must first be found to be the cause-in-fact of the resulting injuries. Defendant’s conduct need not be the sole cause of the harm but it must be a necessary antecedent. Stated another way, if plaintiff can show he probably would not have suffered damages, absent defendant’s conduct, he has carried his burden of proving cause-in-fact. Gibson v. Faubion Truck Lines, Inc., 427 So.2d 68 at 71 (La. App. 4th Cir.1983). In the instant matter, the plaintiff tripped and fell as she walked by Mr. Davi. Plaintiff testified that as she approached the defendant from behind, he stepped back and was in the process of turning around when her left foot caught the inside of his right foot and she fell. As a result of the fall, the plaintiff suffered extensive injuries to her back and neck which required two diskectomies and a fusion.
We now must determine what, if any, duty Mr. Davi owed the plaintiff and if he breached that duty. It is well settled that whether a defendant owes a plaintiff a legal duty is a question of law, and whether a defendant breached a duty is a question of fact. Annis v. Shapiro, 517 So.2d 1237 (La.App. 4th Cir.1987). As a general rule of law, the defendant had a duty to perform his work in a safe and prudent manner. Considering the facts of this case, we do not find that the defendant violated this duty or acted unreasonably. Mr. Davi made his delivery at the Ramada Inn and went to the comptroller’s office to obtain payment for the delivery. As Ms. Charana prepared the check, Mr. Davi waited patiently and engaged in idle conversation with her. His behavior was neither out of the ordinary nor careless in any respect. The plaintiff was aware of Mr. Davi’s presence in the comptroller’s office as she had passed by him twice shortly before the fall. She knew he was there awaiting payment for his delivery and seemingly, should have anticipated his exit. Moreover, she was familiar with the limited space within the office and the difficulty this posed for persons entering and leaving the office simultaneously. While it is very *485 unfortunate the plaintiff suffered the injuries she did, we find the defendant neither acted unreasonably under the circumstances nor breached any duty owed to the plaintiff.
An appellate court should not disturb the fact findings of the trier-of-fact in the absence of manifest error. Arceneaux v. Dominque, 365 So.2d 1330 (La.1978). After reviewing the entire record in this matter, we conclude the trial judge’s finding was not manifestly erroneous, and therefore, should not be disturbed.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
BARRY, J., dissents with reasons.