BARRY, J.,
dissents with reasons.
I disagree with the majority’s conclusion that the plaintiff lost her right to trial by jury because the trial had commenced before counsel had deposited the additional jury costs. Pursuant to the jury trial bond order, La.C.C.P. Art. 1733 and La.R.S. 13:3105, plaintiff’s counsel timely filed the cash bond. On the morning of trial counsel had the check to cover the jury costs, but two pre-trial conferences were held and the judge took the bench and called the matter for trial three minutes thereafter. The jury panel was immediately sworn.
Prior to voir dire the trial judge asked for counsel’s receipt for payment of the jury fee. Counsel informed the court that he had not had time to pay the costs that morning, but he had the check in hand. Counsel’s request for a brief recess in order to go to the clerk’s office to pay the fee was denied. The court declared it was too late, dismissed the jury, and proceeded to a bench trial. The judge stated he would not delay the trial although he acknowledged that counsel was willing to pay the jury costs.
Orleans Parish courts are governed by La.R.S. 13:3105(A) which provides:
A. Those serving as jurors in the trial of civil cases triable by a jury in the Civil District Court for the parish of Orleans shall be entitled to compensation of sixteen dollars each for each and every day, or part of a day, on which they serve as jurors in any civil case, the said sum total to be charged as costs and paid by the party cast for such costs. The party praying for the jury shall deposit with the clerk of the civil district court the sum of sixteen dollars as jury costs. In addition, prior to the commencement of the trial, the party praying for the jury shall deposit in the registry of the court the sum of one hundred ninety two dollars for each day the court estimates the trial will last. No case triable by jury shall be placed on the court’s jury trial docket or fixed for trial unless the sixteen dollar deposit is made. No such trial by jury shall commence until the additional deposit provided for herein is made.
Rule 10, Section 10 of the Rules of the Civil District Court for the Parish of Orleans provides in pertinent part:
All orders permitting the trial by jury shall be conditioned upon applicant for jury trial depositing in the registry of the court the sum of $192.00 for each day the court estimates the trial will last, the said deposit to be made on or before the date of trial, prior to the commencement of the trial.
The standard Trial Order used here included Instruction No. 10: “In jury cases the party requesting the jury must pay the jury fee to the Clerk of Court’s Office prior to the beginning of trial.” The Jury Trial Bond Order ordered the applicant to post bond in the amount of $10.00 within thirty days of the order and deposit in the Registry of Court $192.00 for each day of trial and an additional $16.00 for each day of trial for any alternate juror “the said deposit to be made on or before the date of trial, prior to the commencement of the trial.”
In discharging the jury and denying the plaintiff, her requested jury trial, the trial court relied upon Palumbo v. Phillips, 504 So.2d 629 (La.App. 4th Cir.1987), which is clearly distinguishable. There the jury order had explicitly stated what steps to follow in order to preserve the plaintiff’s right *486 to a jury trial. That order stated that failure to follow the proper procedures would result in loss of the trial by jury. Unlike this plaintiff, Palumbo never posted the jury bond and did not pay the jury costs prior to trial. Palumbo did not attempt to deposit any jury costs until after voir dire was completed and the jury impaneled.
The Palumbo panel cited Latino v. Rush, 300 So.2d 659 (La.App. 4th Cir.1974), for the proposition that La.R.S. 13:3105 prohibits the trial judge from conducting the jury trial if the required bond and costs were not deposited. R.S. 13:3105 (as it read prior to 1975 at the time of Latino) declared that if the deposit and bond had not been filed within the time fixed by the court, “the opposing party shall have a right to demand that the case be tried by the court, rather than by a jury.”
In Gibbons v. New Orleans Public Service, Inc., 442 So.2d 833 (La.App. 4th Cir. 1983), this Court discounted the proposition that if the party requesting a trial by jury does not timely file the required bond, the right is extinguished and the opposing party can demand a bench trial. Noting that the statute had changed after Latino to delete the above quoted language, this Court declared: “The law no longer contains this provision, thus, it is no longer available for use.” Id. at 835.
In this case the plaintiff timely filed the cash bond. On the day of trial plaintiffs counsel arrived at court with the check to cover the additional jury costs, but did not deposit it with the clerk’s office because of pre-trial conferences. When the judge called the matter for trial minutes later and had the jury sworn, counsel had no opportunity to deposit the check prior to swearing in the panel of prospective jurors. However, prior to voir dire and jury selection (at the earliest possible time), counsel requested a brief recess in order to pay the costs. I agree with the warning in Palum-bo against allowing payment of jury costs after a jury has been impaneled because a party could then dismiss a jury with which he/she was dissatisfied.
However, that danger is not present in this case where voir dire had not begun. I find no justification in the statutory law, the court rules, or jurisprudence for denying this plaintiff her right to a jury trial.