572 So.2d 1201 (1990)
Elisa PAGOULATO, et al.
v.
REAL VALUE FOOD STORES.
No. 90-CA-0636.
Court of Appeal of Louisiana, Fourth Circuit.
December 27, 1990.
Writ Denied March 8, 1991.
*1202 John Wensles Parra, Jr., Metairie, for appellees.
Lombard & Silbert, Scott E. Silbert, W. Gregory Merritt, Metairie, for defendant/appellant.
Before GARRISON, LOBRANO and BECKER, JJ.
BECKER, Judge.
Appellant, Scott E. Silbert, seeks review of the trial court's judgment finding him individually responsible for an unpaid filing fee. Mr. Silbert was retained by Westmoreland Casualty Company to represent it in this litigation. In the answer and third party demand filed on behalf of Westmoreland, Silbert requested a jury trial. At the time the pleadings were filed, the cost of filing a request for a jury trial was $100.00. Inadvertently, this fee was not paid when the answer and third party demand was filed.
During the pendency of the original litigation, Westmoreland Casualty Company was rendered insolvent and placed in liquidation. Mr. Silbert was released from his representation of Westmoreland by the Insurance Commissioner for the State of Pennsylvania. Silbert then filed a motion to withdraw as counsel of record, which motion was granted on December 5, 1988.
On January 2, 1990, the Clerk of Court for the Civil District Court of the Parish of Orleans filed a rule to tax costs, naming Silbert as respondent in rule. The Clerk of Court filed said rule to obtain payment of the unpaid filing fee. After hearing on the rule, the trial court rendered judgment in favor of the Clerk of Court, ordering Silbert to pay the $100.00 fee.
On appeal, Silbert argues that the filing fee is really a disguised jury cost which *1203 violates Article II, Section 2 of the Louisiana Constitution. He further argues that the lower court erred in proceeding by summary proceeding rather then by ordinary proceeding, and that the trial court erred in holding that Silbert, as former attorney for Westmoreland Casualty Company, is individually liable for Westmoreland's debts.
Code of Civil Procedure article 2592 provides, in pertinent part, that summary proceedings may be used for "an incidental question arising in the course of judicial proceedings, including the determination of reasonableness of attorney's fees, ... an issue which may be raised properly by an exception, contradictory motion, or rule to show cause ... [and] all other matters in which the law permits summary proceedings to be used." In the present case, the Clerk of Court filed a rule to tax costs. Such a rule is incidental to, and arises in the course of a lawsuit. Usually, such a rule is brought at the conclusion of a trial to determine which costs are to be assessed against the various parties. The fact that the Clerk of Court, rather than a party to the litigation, brought the rule does not diminish the applicability of a summary proceeding. Accordingly, we conclude that the trial court did not err in permitting the Clerk of Court to proceed by summary proceeding.
Rule 5, Section 3 of the Rules of Court for the Civil District Court for the Parish of Orleans provides that
"The following costs shall be paid to the Clerk of Court at the time of filing of the pleading specified. In all instances, the amount provided for is not a deposit, but is a filing fee, no part of which is refundable.
* * * * * *
Fee for request of Trial by Jury $100.00"
The Court's en banc order, dated October 8, 1987, requires the Clerk of Court to
"collect all applicable fees, when a trial by jury is requested in the original petition, answer, or in any other subsequent pleading, and that he shall also collect all outstanding jury fees that are owed but not yet paid, when they have been requested in such proceedings.
Collection of unpaid jury fees owed due to a request for trial by jury shall be collected from the attorney of record signing the pleading."
Appellant argues that Rule 5, together with the en banc order, violates certain Louisiana statutory and constitutional provisions prohibiting excessive jury costs. He relies specifically upon L.S.A.-R.S. 13:3105.[1] This statute sets out compensation *1204 for jurors in civil cases and payment of jury costs. It does not relate to the payment of filing fees. L.S.A.-R.S. 13:1213.1, however, grants the Civil District Court for the Parish of Orleans the right to
"demand and receive from plaintiffs and defendants a fee to cover the cost of all pleadings filed respectively by the plaintiff and by the defendant. Such fee shall be in an amount set by the judges of the Civil District Court for the Parish of Orleans, sitting en banc, and may vary according to the type of lawsuit filed."
Thus, the fee for filing a request for trial by jury was authorized through R.S. 13:1213.1. The fee was set by the Court, en banc, when it set all other filing fees. The fee in question is not a jury cost. It does not relate to the per diem expenses of the jury. Nor does it concern the bond or deposit required to be paid by the party seeking the jury. As such, Rule 5(3) of the Rules of Court does not violate, nor is it in conflict with, the statutory provisions mandating the jury costs to be assessed under R.S. 13:3105. Appellant's arguments as to the unconstitutionality of the court rule are without merit. Rule 5(3) is a valid exercise of the power conferred upon the court under R.S. 13:1213.1.
Both parties acknowledge that the trial court incorrectly relied upon Local Rule 34 in its reasons for judgment. Rule 34 concerns the payment of fees when a lawsuit has been compromised. Rule 34 was incorrectly applied to the present case. However, the misapplication of Rule 34 does not affect the validity of the judgment of the trial court.
The trial court did not err in holding Mr. Silbert individually liable for the unpaid filing fee. The Court's en banc order granted the Clerk of Court the ability to collect such fees from the attorney signing the pleading. An attorney knows that when he signs a pleading he is responsible for the contents of that pleading. Likewise, under the Court's en banc order, the attorney who signs the pleading is responsible for ensuring that all filing fees related to the pleading are paid. The attorney bears the responsibility to make the proper disclosure to the Clerk of Court when he files the pleading so that the clerk can properly assess and collect the correct fee at the time of filing. When, for some unknown reason, the fee is not paid, the Court, through the Clerk, may proceed against the attorney who signed the pleading to collect the fee.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] L.S.A.-R.S. 13:3105 provides:

"A. Those serving as jurors in the trial of civil cases triable by a jury in the Civil District Court for the parish of Orleans shall be entitled to compensation of sixteen dollars each for each and every day, or part of a day, on which they serve as jurors in any civil case, the said sum total to be charged as costs and paid by the party cast for such costs. The party praying for the jury shall deposit with the clerk of civil district court the sum of sixteen dollars as jury costs. In addition, prior to the commencement of the trial, the party praying for the jury shall deposit in the registry of the court the sum of one hundred ninety two dollars for each day the court estimates the trial will last. No case triable by jury shall be placed on the court's jury trial docket or fixed for trial unless the sixteen dollar deposit is made. No such trial by jury shall commence until the additional deposit provided for herein is made.
B. Any deposit so made as herein provided shall be returned to the party making such deposit and any bond filed as herein provided shall be cancelled in the event that the matter in which trial by jury has been requested has been tried, settled, determined or otherwise disposed of for any reason, without having been tried by a jury.
C. The judge of the division of the civil district court to whom a case to be tried by a jury has been allotted shall have the right to entirely waive the depositing of such jurors' compensation and the filing of bond, upon proper showing to the satisfaction of the said judge that the party or parties paying for such trial by jury is or are financially unable to deposit such sum and furnish such bond. The said judge shall have the further right and discretion of determining whether the compensation to be paid to the jurors serving in such case shall be paid prior to the actual trial of the said case in whole or by partial payments should such party or parties be financially able to provide for such payment prior to such trial. In the event that all or any part of such jurors' compensation is not paid by the party cast upon rendition of the verdict of an such jury trying such case, such compensation shall be advanced by the clerk of court out of the jury fees on deposit with him or, if such fund is not sufficient so to do, then out of the judicial expense fund, and the said clerk and/or the judicial expense fund shall have a right thereafter to recover such sum so advanced from the party cast, if it be found that such party cast is financially able to make such payment in reimbursement of such jurors' compensation, or from the surety on any bond furnished by said party against whom judgment has been rendered."