652 So.2d 84 (1995)
Alton J. VINCENT, et al.,
v.
Ray Brandt DODGE, et al.
No. 94-CA-291.
Court of Appeal of Louisiana, Fifth Circuit.
March 1, 1995.
Rehearing Denied April 17, 1995.
William F. Bologna, Habans, Bologna & Carriere, New Orleans, for defendants-appellants.
Steven K. Faulkner, Jr., Metairie, for plaintiffs-appellees.
Before GRISBAUM, WICKER and GOTHARD, JJ.
GRISBAUM, Judge.
This appeal relates to a personal injury action where the plaintiffs were awarded $1,009,203 for injuries sustained as the result of an accident. We set aside the trial court's verdict and remand for a jury trial.

FACTS
This is an appeal by Chrysler Insurance Company and Ray Brandt Dodge, Inc. of a judgment rendered after a bench trial. The case centers on injuries allegedly suffered by the plaintiff-appellee, Alton J. Vincent, when he fell in a chair that collapsed at defendants-appellants' offices. The record reflects a timely request for jury trial was made. The jury request was granted by Order of the court on January 14, 1991.
From the record we see that, on the morning the case was set for trial, counsel for appellants appeared in court and were advised the trial would proceed. At that point, appellants' counsel made the deposit of $900 (the amount need for a three-day trial) and secured a receipt from the Clerk of Court evidencing their payment. The receipt of payment was made prior to the commencement of trial.
The trial court ruled that payment of the jury deposit on the morning of trial was untimely and struck the jury. From the transcript, we note there was an argument over the correct interpretation of La.Code Civ.P. art. 1734.1. The record reflects the trial court admitted the wording of the statute was problematic.
A supervisory writ was sought to this Court to challenge the striking of the jury. By Order of this Court dated December 14, 1993, the request for supervisory relief was denied.

*85 ISSUE PRESENTED FOR REVIEW

Although appellants cite several assignments of error, we will only address propriety of the trial court's decision to strike the jury on the morning of trial.

DISCUSSION
The "law of the case" principle embodies the rule that an appellate court will not reconsider its own rulings of law in the same case. However, the doctrine is discretionary and is not applicable in cases of palpable error or when, if the law of the case were applied, manifest injustice would occur. See Landry v. Aetna Ins. Co., 442 So.2d 440 (La.1983).
The Louisiana Supreme Court has held that "the right of a litigant to [a] jury trial is fundamental in character and the courts will indulge every presumption against a waiver, loss or forfeiture thereof." See Champagne v. Am. S. Ins. Co., 295 So.2d 437, 439 (La.1974) (citations omitted).
The trial court interpreted the Order of January 14, 1991. This Order reads:
IN ACCORDANCE WITH C.C.P. ART. 1734.1 IN LIEU OF THE BOND REQUIRED IN C.C.P. ART. 1734 THE MOVER FOR THE JURY TRIAL SHALL DEPOSIT $300.00 (CASH) PER DAY FOR EACH DAY THE TRIAL IS ESTIMATED TO LAST. THE CASH DEPOSIT SHALL BE FILED WITH THE CLERK OF COURT WITHIN SEVEN DAYS PRIOR TO TRIAL. THE ATTORNEY FOR THE MOVER SHALL PRESENT THE RECEIPT FOR THE DEPOSIT TO THE COURT PRIOR TO COMMENCEMENT OF TRIAL.
There is also corresponding La.Code Civ.P. art. 1734.1(A), which, in pertinent part, reads:
When the case has been set for trial, the court may order, in lieu of the bond required in Article 1734, a deposit for costs, which shall be a specific cash amount, and the court shall fix the time for making the deposit, which time shall be within thirty days prior to trial.... Notice of the fixing of the deposit shall be served on all parties....
(Emphasis added.)
The trial court seemingly changed the wording of these statutes from "within" to "before," thus choosing to ignore the jurisprudence of this State which dictates the preservation of a jury is predominant in cases of doubtful statutory interpretation. See Champagne, supra. See also Block v. Fitts, 259 La. 555, 250 So.2d 738 (1971) and Hicks v. Bd. of Supervisors of La. State Univ., 166 So.2d 279 (La.App. 1st Cir.1964).
Because the record reflects that even the trial court conceded the language in the statute was problematic, we hold is was error to deprive the appellants of their fundamental right to a jury trial when they had presented payment of the proper amount before trial commenced. As the law dictates, courts must be liberal in their interpretation in order to preserve a litigant's fundamental right to a jury trial.
We find it was palpable error for the trial court to strike the jury when litigants had paid costs on the morning of trial and the receipt was presented prior to the commencement of trial.
For the reasons assigned, we set aside the trial court's findings and remand this matter for a jury trial. Each party to this appeal is to bear its respective costs.
SET ASIDE AND REMANDED.