658 So.2d 190 (1995)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT
v.
Curry B. WALKER, Jr., et ux.
No. 95-C-0185.
Supreme Court of Louisiana.
June 30, 1995.
*191 Bernard Louis Malone, Jr., Frederick John Fuselier, Baton Rouge, for applicant.
Michael H. Schwartzberg, Robert M. McHale, McHale, Bufkin & Dees, Lake Charles, for respondents.
CALOGERO, Chief Justice.[*]
We granted the State of Louisiana's writ application in this case to resolve the confusion surrounding the time period within which parties to a lawsuit must make the cash deposit of certain jury costs provided for in LSA-C.C.P. Art. 1734.1(A). The trial court in this case signed a jury trial order which specified that the movant for jury trial must make the required deposit "within thirty days prior to trial," tracking the language of LSA-C.C.P. Art. 1734.1(A). However, thirteen (13) days prior to the date of trial the court struck the jury trial order because the deposit had not been made timely. Based upon our analysis of the record and applicable statutory law, we reverse the judgment of the trial court, reinstate the jury trial order, subject to a timely cash deposit by either party to the lawsuit, and remand the case for further proceedings consistent with this opinion.

I. Facts and Procedural History
On January 11, 1990, the State of Louisiana, through the Department of Transportation and Development, filed a petition to expropriate certain property belonging to Curry B. Walker and Nollie P. Walker. This petition was filed pursuant to LSA-R.S. 48:441 et seq, Louisiana's "quick taking" statutes, and Article I, § 4 of the Louisiana Constitution of 1974. The Walkers answered the State's petition and filed a reconventional demand in which they sought additional compensation for their property. The Walkers also claimed severance damages for the detrimental effect of the expropriation on the value of adjoining property which they also owned.
In response to the Walkers' reconventional demand the State filed a motion invoking its right to a jury trial.[1] The trial court granted this motion and signed the appropriate order, which recited that the cash deposit procedure under LSA-C.C.P. Art. 1734.1(A)[2] would be utilized with "said deposit to be made within 30 days prior to trial." After several continuances, the case was finally set for trial on September 12, 1994.
*192 On August 31, 1994, thirteen (13) days prior to the trial date, the Walkers filed a rule to show cause why the State's jury demand should not be stricken. A hearing on this rule was held on September 9, 1994. Without argument and based on the briefs submitted by the parties, the trial court granted the Walkers' motion to strike the State's jury trial request. The trial court stated that the motion was granted "in view of the fact that the [cash deposit] has not been posted within 30 days." The court of appeal, with one judge dissenting, denied writ in this matter. State of Louisiana, Through Department of Transportation and Development v. Curry B. Walker, Et Ux, No. 94-1286 (La.App.3 Cir. 12/19/94) (unpublished disposition).

II. Discussion
This case involves an interpretation of the trial court's jury trial order so as to determine whether the State's failure to deposit the required sum[3] with the clerk of court before the thirteenth day prior to the scheduled trial date violated the order. Since the time period specified in the order, "within thirty days prior to trial," tracks the express language of LSA-C.C.P. Art. 1734.1(A), this case necessarily involves an interpretation of that statute. We proceed in our construction of this statute with a desire to give meaning to the plain language of the statute. We are also mindful of the jurisprudential precept that "the right of a litigant to jury trial is fundamental in character and the courts will indulge every presumption against a waiver, loss or forfeiture thereof." Champagne v. American Southern Ins. Co., 295 So.2d 437, 439 (La.1974) (citations omitted). See also Royer v. Royal Globe Ins. Co., 264 So.2d 607 (La.1972). Furthermore, since we find this particular statute to be in certain respects unworkable, we will refer to its legislative history and the legal context in which it operates to assist us in giving it an appropriate construction.
LSA-C.C.P. Art. 1734.1(A) (emphasis added) reads in pertinent part as follows:
Art. 1734.1. Cash deposit; procedure
A. When the case has been set for trial, the court may order, in lieu of the bond required in Article 1734, a deposit for costs, which shall be a specific cash amount, and the court shall fix the time for making the deposit, which time shall be within thirty days prior to trial. The deposit shall include sufficient funds for payment of all costs associated with a jury trial, including juror fees and expenses and charges of the jury commission, clerk of court, and sheriff. The required deposit shall not exceed three hundred dollars per day for each day the court estimates the trial will last. Notice of the fixing of the deposit shall be served on all parties. If the deposit is not timely made, any other party shall have an additional ten days to make the required deposit. Failure to post the cash deposit shall constitute a waiver of a trial by jury.

The State argues that the language of the statute is clear and that "within thirty days prior to trial" means exactly that, i.e. any day between thirty (30) days before the date of trial and the morning of trial itself. The trial court disagreed, reading "within thirty days prior to trial" to mean either "before thirty days prior to trial" or "within thirty days after the signing of the jury trial order." Based upon this reading of the statute, the trial court found that the State, since it had not made the required cash deposit by the thirteenth day prior to the date set for trial, i.e., before "thirty days prior to trial," had waived its right to a jury trial.
The Walkers argue to this Court that such a reading is warranted because the provision allowing "any other party" an "additional ten days" in which to make the cash deposit is rendered ineffectual if the party moving for the jury trial has up until the morning of trial to make the deposit. Furthermore, they point out that allowing a party requesting a jury trial until the date of trial to make the deposit works a hardship upon the clerk of court, who must pay out of his or her own funds the cost of summoning the venire without any assurance that the cash deposit will actually be made. For the following reasons, *193 we reject these contentions as being contrary to the plain language of and legislative purpose behind LSA-C.C.P. Art. 1734.1.
LSA-C.C.P. Art. 1734.1 was originally enacted by La.Acts. 1987, No. 937, § 2; § 1 of that act amended LSA-R.S. 13:3049(B)(2), which provides for juror fees and expenses in civil cases, in order to conform the requirements of the two statutes. Similarly, when LSA-C.C.P. Art. 1734.1 was amended by La.Acts. 1989, No. 307, § 1, to read as it currently does, LSA-R.S. 13:3049(B)(2) was amended by § 2 of the same act. Because of the interrelationship of these statutes as revealed by this legislative history, we conclude that LSA-C.C.P. Art. 1734.1 must be read in pari materia with LSA-R.S. 13:3049(B)(2)(a). Accord, Fernandez v. Smith, 559 So.2d 905, 907 (La.App. 4 Cir.1990).
LSA-R.S. 13:3049(B)(2)(a) (emphasis added) reads in pertinent part as follows:
§ 3049. Duty to attend; penalty for delinquency; compensation; certificate of attendance
* * * * * *
(B) * * * *
(2)(a) .... The party paying for the jury shall pay to the clerk of court the sum of eighty-four dollars as juror filing fees. In addition, prior to the commencement of trial, the party paying for the jury shall deposit in the registry of the court the sum of three hundred dollars for each day the court estimates the trial will last. If the trial exceeds the number of days estimated, the party shall pay any additional deposit ordered by the court. No case triable by jury shall be placed on the court's jury trial docket or fixed for trial unless the eighty-four dollar juror filing fee is paid. No such trial shall commence or resume until the additional deposits provided for herein are made.

When LSA-C.C.P. Art. 1734.1 and LSA-R.S. 13:3049(B)(2)(a) are read together, a clear picture of the general scheme governing the cash deposit option to secure jury trial costs emerges. First, the party requesting a jury trial must pay the $84.00 dollar juror filing fee, which allows the trial court to set the case on the jury trial docket. Once the case is set for trial, the cash deposit procedure of LSA-C.C.P. Art. 1734.1(A) may be utilized. The trial court, if it elects to order a deposit for costs rather than the bond provided for by LSA-C.C.P. Art. 1734, "shall fix the time for making the deposit, which time shall be within thirty days prior to trial." The only absolute limitation these statutes place upon the movant for a jury trial is the requirement that the cash deposit be made "prior to the commencement of trial."[4]
In this case, we note as a preliminary matter that the trial judge failed to comply with LSA-C.C.P. Art. 1734.1 when he signed an order which did not sufficiently "fix the time for making the deposit." It is our view that what was intended by the statute was that the trial court fix a specific date on which the deposit is to be made, a date falling in that period "within thirty days prior to trial." We reach this conclusion based upon the language of the statute in light of the 1989 amendment to LSA-C.C.P. Art. 1734.1, which inserted the specific command that the trial court "fix the time for making the deposit" where the statute was previously silent on that point.[5]
*194 It is also our view that the trial court, in the exercise of its discretion, could have chosen any date "within thirty days prior to trial," from thirty (30) days before trial to the morning of (but preceding) trial. Any other reading of the statute deviates from a common sense understanding of the unambiguous and straightforward words employed in the opening sentence of LSA-C.C.P. Art. 1734.1(A). In this case, since the trial court failed to fix an exact date within the thirty (30) days prior to the commencement of trial, we conclude that a deposit of the specified sum on any date within this period, including the morning of trial itself, would be timely. In concluding otherwise, the trial court failed to "indulge every presumption against a waiver, loss or forfeiture" of the State's right to a jury trial, and in doing so neglected to apply the plain language of LSA-C.C.P. Art. 1734.1.
We find the Walkers' arguments concerning the potential hardships to be worked upon the clerks of court unpersuasive. Rather than operating to the detriment of the clerks, the legislative history of LSA-C.C.P. Art. 1734.1 reveals that the cash deposit procedure, which was requested by the Police Jury Association of Louisiana, was in fact designed to benefit the clerks. Prior to the enactment of the cash deposit procedure, jury trial costs were secured by a bond put up by the moving party. See, e.g., LSA-C.C.P. Art. 1734. This procedure posed several difficulties for the clerks of court, however:
the parishes are basically having two problems at the present time if a bond is put up: the parish has to advance the money out of parish general funds and it is an interminable time before the parish gets its money back; or, [the judgment of the trial courts] are appealed and in the meantime some of the bonding companies go broke and the parish has to eat the bill.
Committee Meeting Minutes, House Judiciary Committee, House Bill No. 41, P. 4 (May 18, 1987). See also Note 4, supra.
Thus, LSA-C.C.P. Art. 1734.1 and the other statutes included in Act 937 of 1987 were intended to provide the clerks of court with actual cash in hand to defray the costs of jury trials, a departure from the bonding procedure in place prior to 1987. However, the Legislature was also mindful of the greater difficulty a movant for a jury trial would have in coming up with the full cost of a jury trial, as opposed to the relative ease of securing a jury trial bond. The Legislature therefore specified that the date by which the trial court could require that the funds be deposited should be in close proximity to the date of trial to allow the litigants time in which to gather the needed funds, or to obviate the need for a deposit should the case settle near the trial date. We find it significant, in construing the current LSA-C.C.P. Art. 1734.1, that the first incarnation of LSA-C.C.P. Art. 1734.1 required only that the cash deposit be made "within seven days prior to trial." See also Note 5, supra.[6]
Given the express language of the statute and this legislative history, we conclude that the Legislature must have considered the potential difficulties to which the clerks of court might be subjected by this procedure, including the possibility that a clerk might expend funds to summon a venire only to *195 have the movant for a jury trial fail to pay his deposit. Despite this possibility, the Legislature nevertheless chose to prescribe the time periods we find in the current versions of LSA-C.C.P. Art. 1734.1 and LSA-R.S. 13:3049(B)(2)(a). The clarity of that language is determinative.
We do note that within the current scheme, a trial court is authorized to set the deadline for the deposit as much as thirty (30) days before trial is scheduled to begin. We also recognize the right of the clerk of court to proceed against the attorney who signed the pleadings requesting a jury trial for any expenses incurred pursuant thereto. See Pagoulato v. Real Value Food Stores, 572 So.2d 1201, 1204 (La.App. 4 Cir.1990), writ denied, 576 So.2d 48 (La.1991). Compare LSA-R.S. 13:843. We are therefore of the opinion that many, if not all, of the problems the cash deposit procedure portends for the clerks of court may be obviated by the trial court's sensible use of the discretion accorded it by the law and ameliorated by the remedial process afforded the clerk of court. For example, it is within the power of the trial court to designate the thirtieth day before trial, or a date closer to trial than that yet any number of days in advance thereof, as the date by which the deposit is to be made, thus assuring that the clerk will have cash in hand when the costs of summoning the venire are incurred. In any case, we decline an invitation to rewrite what we perceive to be the clear and unequivocal expression of the Legislature, and commend the consideration of any problems engendered by the application of these statutes to the sound discretion of that body.
We are more troubled by the Walkers' companion argument, concerning the LSA-C.C.P. Art. 1734.1 provision that "[i]f the deposit is not timely made, any other party shall have an additional ten days to make the required deposit." The Walkers assert, correctly, that it is impossible, as a practical matter, to give full effect to the plain language of both the "within thirty days prior to trial" and "additional ten days" provisions in certain instances. Simply put, since "within thirty days prior to trial" includes the morning of trial, if the deposit is not made by the morning of trial, which is within that time frame, then the "additional ten days" allowed the other party in which to make the deposit only begins running on the day of trial itself.[7]
There are two readings which might allow us, as a theoretical matter, to conform these two provisions in such a way as to give each their full effect. The first would be to imply into the statute a mandatory continuance provision so that if the scenario discussed in the preceding paragraph occurs the trial date would automatically be continued to allow the other party an "additional ten days" in which to make the deposit. The second would be simply to proceed with the jury trial (should the other party desire it) and allow the other party ten (10) days from the date of movant's default in which to make the deposit, notwithstanding that the trial will have commenced as scheduled and perhaps concluded before the deposit is due.
We reject these constructions of LSA-C.C.P. Art. 1734.1 as being unworkable in light of the conventional practice and procedure of Louisiana trial courts. The problem with a mandatory continuance provision so close to the trial date is that, given that court dockets are often set weeks, if not months, in advance, a mandatory continuance would result in scheduling fiascos and interminable delays, to the prejudice of all parties, in the prosecution of civil jury trials. Simply proceeding with a jury trial on the hope that the other party will pay the costs within ten (10) days of default is similarly impractical, and furthermore contravenes the express mandate of LSA-R.S. 13:3049(B)(2)(a) that "[n]o [jury] trial shall commence or resume" until the deposits are paid. Compare Palumbo v. Phillips, 504 So.2d 629, 631 (La. App. 4 Cir.1987) ("If we were to allow applicants for jury trial to pay the jury cost after the jury is impaneled, they could simply refuse to pay the jury costs if they were dissatisfied with the jury and the jury would be dismissed ... [resulting] in an unnecessary *196 waste of time for the prospective members of the jury, the attorneys, and the courts"). We do not believe that the Legislature intended to create such an administrative nightmare when it provided for cash deposits for jury trials; rather, as we have already discussed, the purpose of the statute was to lessen the administrative difficulties facing the clerks of court.
We note that there exists another possible reading which would conform in some respects the conflicts in the statutory language, namely that the movant be entitled to deposit the required funds on a date fixed by judicial order between thirty (30) days prior to trial and ten (10) days prior to trial. Such a reading would provide a date within which the movant could make the deposit, while leaving to any other party who wishes to avail himself of a trial by jury in the instance of the movant's default, an "additional ten days" in which to make the deposit should that party also wish to avail themselves of their jury trial rights.
This "reading," however, simply does not conform to the clear language of the statute, and despite the apparent reasonableness of this procedure we choose not to construe these statutes, under the circumstances of this case, in any way which delimits the thirty (30) day period clearly and unequivocally set out in the first sentence of LSA-C.C.P. Art. 1734.1. Were this statute to be given the construction discussed in the preceding paragraph, it is entirely possible that the movant for a jury trial in this case, reasonably relying upon LSA-C.C.P. Art. 1734.1's pronouncement that the deposit must be made "within thirty days prior to trial," would be unfairly deprived of its statutory right to a jury trial. Such a construction is untenable in light of "the jurisprudence of this State which dictates the preservation of a jury is predominant in cases of doubtful statutory interpretation." Vincent v. Ray Brandt Dodge, et al, 94-291, p. 3 (La.App. 5 Cir. 3/1/95), 652 So.2d 84, 85, citing Champagne, supra.[8]See also Gibbons v. NOPSI, 442 So.2d 833, 835 (La.App. 4 Cir.1983). In addition, we note that in this particular case the litigant was entitled to rely not only upon the statute, but also upon the order signed by the trial judge; this signature was not a mere ornament, but a judicial affirmation of the movant's statutory right to make the jury deposit "within thirty days prior to trial." Compare Phillips v. Schmidt, 311 So.2d 471, 475 (La.App. 4 Cir. 1975).
We recognize that our approach, in according the "within thirty days prior to trial" language its full effect, to some extent denigrates the application of the "additional ten days" language. Such a result is warranted, however, by the strong jurisprudential preference, in the absence of clear legislative expression to the contrary, in favor of the right to a jury trial in civil cases. When faced, as we are in this case, by two statutory provisions which in certain instances conflict and cannot in such instances both be given their fullest expression, it is this Court's duty to articulate that construction which is "most correct" under the law. In this particular instance, because of the underlying policies involved, we adjudge the "within thirty days prior to trial" provision to be preeminent. Any tinge of whimsy or caprice which marks this decision is simply an inescapable byproduct of the judicial function, a considered exercise of the discretion which the constitution and laws of this state affords us in order to fulfill our constitutional obligation to hear and decide cases.[9]
*197 Based upon the preceding discussion, we construe the time limitations relative to the jury trial deposit provided for by LSA-C.C.P. Art. 1734.1 as follows. First, we read the statute to require the trial judge to fix a particular date, a date "within thirty days prior to trial," as the date by which a jury trial movant must make the required deposit. The trial court should preferably pick a date for the deposit more than ten (10) days prior to trial, since under such circumstances there is no practical or theoretical obstacle to affording other parties an "additional ten days" to make the deposit in case of movant's default and thus all of LSA-C.C.P. Art. 1734.1's provisions may be given full effect. When, however, as in this case, no exact date is set or the date is set within ten (10) days of trial, the movant's right to a jury trial and the mandate of LSA-R.S. 13:3049(B)(2)(a) that no jury trial shall "commence or resume" without the payment of costs become significant. In such cases the movant for a jury trial should be afforded all of the time given him by the clear words of the first sentence of LSA-C.C.P. Art. 1734.1(A).
We are aware that in certain situations, like the one currently before the bar, our construction of the jury deposit procedure may work hardships upon one or the other of the parties. For example, there are a number of litigation tactics, relative to argument and the presentation of evidence, which, while appropriate in a jury trial, are ill-suited to a bench trial. Thus, we recognize that the ability of parties to a lawsuit to prepare for trial may in some respects be hamstrung when a determination as to the mode of trial is deferred to the eve of trial itself. Furthermore, in cases where the trial court fails to "fix" a date for the jury deposit it will certainly be a temptation for both parties to attempt to "wait each other out," each hoping to coerce the other into filing the required deposit.
While we are not unmindful of these potential difficulties, we view them as subordinate to the parties' right to a trial by jury, and interpret the statutory scheme accordingly. We have interpreted the statutes, insofar as they are ambiguous and/or contradictory, in accordance with traditional norms of statutory construction and established jurisprudential principles. To the extent that this or any statutory scheme may improve from some proposed amendment of its express language, consideration of such changes is properly a matter for the Legislature and not the courts.[10]
Although we have attempted here to define the parameters of the jury deposit procedure, *198 we note that the relevant statutes also clearly grant to trial courts the discretion to control the proceedings before them in such a way as to obviate the occurrence of any of the potential difficulties discussed herein. Furthermore, given the posture of this case, it is within the supervisory authority of this Court and the discretionary authority, under LSA-C.C.P. Art. 1734.1, of the trial court to craft a fair and equitable procedure for the implementation of the State's right to a jury trial upon remand. Thus, in order to more clearly delineate the scope of our holding by providing a specific example of the general principles discussed herein, we provide express instructions upon remand both to guide the trial court below in its further handling of this case as well as to instruct other trial courts which may be faced with the application of this version of LSA-C.C.P. Art. 1734.1 in the near future. See Note 10, supra.

III. Disposition and Order
For the reasons set forth in this opinion, we reverse the trial court's decision striking the State's request for a jury trial and remand the case to the trial court. We further order that on remand, the trial court set the case for trial by jury;[11] once the trial date has been set, the trial court shall then fix a specific date, from thirty (30) days prior to the date of trial to ten (10) days before trial, by which the State must file its cash deposit. If the State fails to comply with this deadline, the Walkers have an "additional ten days" to make this deposit should they desire a jury trial. Under no circumstances shall a jury trial "commence or resume" until the required costs have been paid, and in any case if on the day of trial itself the required deposit has not made by either party, the right to a jury trial shall be deemed waived by all parties in accordance with LSA-C.C.P. Art. 1734.1. See LSA-R.S. 13:3049(B)(2)(a).

DECREE
JUDGMENT OF DISTRICT COURT REVERSED; CASE REMANDED WITH ORDER.
LOTTINGER, J. Pro Tem., and VICTORY, J., concur.
NOTES
[*] Judge MORRIS A. LOTTINGER, Jr., Court of Appeal, First Circuit, sitting by assignment in place of Justice James L. Dennis. Pursuant to Rule IV, Part 2, § 3, Justice Jack C. Watson was not on the panel that heard and decided this case. See State v. Barras, 615 So.2d 285, 286 n. 1 (La.1993).
[1] The Louisiana Constitution of 1974 declares, in pertinent part, that "[i]n every expropriation, a party has the right to trial by jury to determine compensation." La. Const. Art. I, § 4. This right is implemented by LSA-R.S. 48:451.1, which provides that "[i]n an expropriation proceeding pursuant to this Part any party has the right to demand a trial by jury to determine just compensation." We recognize that this case arises out of an expropriation and that therefore the jury trial rights of the parties before the bar are of constitutional dimension; however, we decline to narrow the focus of this opinion to the specific context of expropriation actions. Rather, we address the requirements of LSA-C.C.P. Art. 1734.1 in light of the general statutory right to a jury trial in civil cases recognized by LSA-C.C.P. Art. 1731(A) ("the right of trial by jury is recognized").
[2] LSA-C.C.P. Art 1734.1, the subject of this opinion, is applicable to this case by way of LSA-R.S. 48:451.3. LSA-R.S. 48:451.3 provides that, in expropriation cases, "[t]he court shall require any party, including the [D]epartment [of Transportation and Development], who demands a jury trial, to post a bond or other security as may be required in ordinary similar jury cases."
[3] Since the trial was estimated to last for four (4) days, the amount the State was required to deposit was $1,200.00. See LSA-R.S. 13:3049(B)(2)(a), quoted infra.
[4] This reading is bolstered by the following overview of the contents of House Bill Number 1685 (substituted for House Bill 41), the precursor of Act 937 of 1987. This overview was offered by Mr. Jim Cain, a representative of the Police Jury Association of Louisiana, which requested the bill:

[Cain] explained that this bill would provide for a pay-as-you-go plan where one of the litigants requests a jury trial. The party praying for the jury trial would put up an initial sum of $84 in cash. In addition to that, and prior to the commencement of trial, the party would also deposit in the registry of the court $300 per day for each day that the court estimates the trial would last.
Committee Meeting Minutes, House Judiciary Committee, House Bill No. 41, P. 4 (May 18, 1987) (emphasis added). See also Committee Meeting Minutes, Senate Comm. on Judiciary (C), House Bill No. 1685, Pp. 2 (June 16, 1987).
[5] The original version of LSA-C.C.P. Art. 1734.1, as enacted in 1987, provided in pertinent part that "[t]he court may order, in lieu of the bond required in Article 1734, a deposit for costs which shall be a specific cash amount to be filed within seven days prior to trial." The statute was amended by La.Acts. 1989, No. 307, § 1, to its current form. The legislative history of Senate Bill 97, which was the antecedent to Act 307 of 1989, supports our reading: "Senator Ewing[, the bill's sponsor,] explained that the bill ... requires the court to fix the time for making the deposit when the case has been set for trial." Committee Meeting Minutes, Senate Comm. on Judiciary (B), Senate Bill No. 197, Pp. 5 (April 25, 1989).
[6] The original version of the Senate Bill which became Act 307 of 1989 provided only that the trial court should "fix the date" for the deposit, but did not limit the period within which the trial court might exercise its discretion. This aspect of the statute was amended in committee, and the "within thirty days prior to trial" language was added:

Ms. Leah Guerry suggested that rather than an open-end time period, a thirty day period be set. The committee adopted an amendment, offered by Senator Ewing which specifies that the time set by the court for making the required deposit shall be within 30 days prior to trial.
Committee Meeting Minutes, Senate Comm. on Judiciary (B), Senate Bill No. 197, Pp. 5 (April 25, 1989).
[7] The same problems of course arise if the deadline for the deposit fixed by the trial court falls at any point within ten (10) days prior to trial.
[8] The Fifth Circuit Court of Appeal in Vincent was faced with practically the same issue we consider in this opinion. The Vincent court held, in the absence of a court order specifying an exact date for the jury deposit, that it "was error to deprive the appellants of their fundamental right to a jury trial when they had presented payment of the proper amount before trial commenced." Vincent, supra, Slip Op. at 3, 652 So.2d at 85.
[9] In addition, we believe this reading of the current version of LSA-C.C.P. Art. 1734.1 to be supported by the legislative history. As we observed in Note 6, supra, the original version of Senate Bill 197, which provided for the 1989 amendment to LSA-C.C.P. Art. 1734.1, contained no limitations upon the time period within which the trial court could set the cash deposit deadline. LSA-C.C.P. Art. 1734, the jury trial "bond" statute which provided the sole mechanism for securing the costs of a jury trial at the time of the enactment of LSA-C.C.P. Art. 1734.1 in 1987, was similarly open-ended. Like the original version of Senate Bill 197, LSA-C.C.P. Art. 1734 (both currently and in 1989) provides that the trial court can fix the deadline for the filing of the bond at any time after a trial date has been set. More importantly, LSA-C.C.P. Art. 1734 contains the same "additional ten days" language as the original version of Senate Bill 197.

It is our view that the amendment to Senate Bill 197 which included the "within thirty days prior to trial" language removed much of the justification for the preexisting "additional ten days" clause, the latter, as we have already intimated, being a borrowing from the "bond" statute, LSA-C.C.P. Art. 1734. The purpose of providing an "additional ten days" in which other parties can file the deposit or bond is to allow other parties to the suit who also desire a jury trial time to respond to a movant's default and preserve their jury trial rights. Under both the original version of Senate Bill 197 and the "bond" statute, a trial court had the discretion to fix the filing date for the cash deposit or bond months before the trial date. In such cases an "additional ten days" would be necessary to afford another party time to secure the necessary bond or funds to ensure a jury trial upon movant's default.
The utility of the "additional ten days" allowance fades, however, as the day of trial approaches because the imminence of the trial date provides ample warning to all parties that all funds which might be required to proceed with the trial should be in hand. The amended version of Senate Bill 197 which was enacted into law, i.e. current LSA-C.C.P. Art. 1734.1, specifies a period within close proximity to trial within which the deposit date must be fixed. When a movant defaults within ten (10) days of trial, there is simply no practical reason why other parties should be afforded any "additional" time past the trial date; to assume otherwise would require an implied mandatory continuance, a construction which we have already rejected as imprudent and unworkable.
[10] On June 12, 1995, the Legislature approved House Bill No. 882 amending LSA-C.C.P. Arts. 1734 and 1734.1. La.Acts.1995, No. 148, § 1. LSA-C.C.P. Art. 1734.1, as amended, now reads as follows:

Art. 1734.1. Cash deposit; procedure
A. When the case has been set for trial, the court may order, in lieu of the bond required in Article 1734, a deposit for costs, which shall be a specific cash amount, and the court shall fix the time for making the deposit, which shall be no later than thirty days prior to trial. The deposit shall include sufficient funds for payment of all costs associated with a jury trial, including juror fees, and expenses and charges of the jury commission, clerk of court, and sheriff. The required deposit shall not exceed three hundred dollars per day for each day the court estimates the trial will last. Notice of the fixing of the deposit shall be served on all parties. If the deposit is not timely made, any other party shall have an additional ten days to make the required deposit. Failure to post the cash deposit shall constitute a waiver of a trial by jury. However, no cash deposit shall be required of an applicant for a jury trial under the provisions of this Article if waived or an order is rendered, pursuant to Chapter 5 of Title I of Book IX of the Code of Civil Procedure, permitting the applicant to litigate or continue to litigate without payment of costs in advance or furnishing security therefor.
The Legislature has not specified an effective date for the reenacted versions of LSA-C.C.P. Arts. 1734 and 1734.1 and therefore they do not go into effect until August 15 of this year. La. Const. Art. III, § 19.
While we acknowledge the Legislature's decision to clarify the time limitations set forth in LSA-C.C.P. Art. 1734.1, we emphasize that this legislative action, while it may be determinative in future cases, does not impact our decision in this case. We are faced herein with the construction of LSA-C.C.P. Art. 1734.1 as it was at the time of the proceedings below, not the statute as amended, and given the ambiguity of that statute we deem the State's fundamental, and in this expropriation action constitutional, see Note 1, supra, right to a jury trial to be the overriding consideration in this case.
[11] The case below has been continued; there is currently no trial date set, as the trial court is awaiting this Court's decision.