hKLEES, Chief Judge.
These consolidated appeals[1] arise from several judgments rendered by various divisions of Civil District Court granting the Rules to Tax Costs filed by Dale N. Atkins in her capacity as Clerk of Court. Plaintiffs in these several lawsuits are individuals who allegedly suffered personal injuries as a result of job-related exposure to asbestos containing materials. Plaintiffs’ claims were cumulated into these various lawsuits, and numerous corporate defendants were named in the pleadings. Certain defendants filed various exceptions and answers to plaintiffs’ claims, and one filing fee was remitted for each answer filed. The Rules to Tax Costs were subsequently brought against several defense attorneys who had previously filed answers on behalf of their respective clients to these multi-party lawsuits. The Clerk sought from the defense attorneys additional filing fees based on the number of claims filed in each petition. These matters were set for hearing, and four divisions of the trial court rendered separate personal | ¡judgments against the defense attorneys named in the rules. The defense attorneys now appeal from these judgments.
The issue presented for our review is whether the trial courts erred in ordering the defense attorneys personally to pay retroactive filing fees for answers previously filed in these multi-party lawsuits. For reasons stated more fully herein, we reverse the judgments of the lower courts.

Applicable Law

According to the pleadings filed by the Clerk of Court, the Rules to Tax Costs were filed on the basis of La. C.C.P. art. 1920, which provides:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
Generally, the enumeration of fees for the services of Clerks of Court is contained in La.R.S. 13:1213. The collection of fees for the filing of lawsuits in Civil District Court is further authorized by the provisions of La. R.S. 13:1213.1, which provides in pertinent part:
In lieu of the fees enumerated in R.S. 13.1213 or otherwise set by the judges of the Civil District Court for the Parish of Orleans, the judges of the Civil District Court for the Parish of Orleans may authorize the clerk of the Civil District *377 Court to demand and receive from plaintiffs and defendants a fee to cover the cost of all pleadings filed respectively by the plaintiff and by the defendant. Such fee shall be in an amount set by the judges of the Civil District Court for the Parish of Orleans, sitting en banc, and may vary according to the type of lawsuit filed. Different fees may be established for the plaintiff and for the defendant.
| aThe Rules of Civil District Court further provide that “a schedule of filing fees shall be maintained by the clerk of court and shall be furnished to the public upon request.” Rule 5, Section 1.
In accordance with this statutory authority, the Clerk of Civil District Court published a schedule of costs, including the payment of filing fees, which was authorized by the judges of Civil District Court. At all pertinent times hereto, the Filing Fee Schedule maintained by the Clerk of Court provided that “defendant’s filing fee for filing answer to ancillary or main demand” is $125.00. There is no dispute that this fee was paid by each defendant at the time the individual answers were filed.
However, in support of the rules seeking to tax additional filing fees, the Clerk of Court relied upon an En Banc resolution of the judges of Civil District Court dated February 2, 1993. As evidence of this resolution, the Clerk of Court supplied a letter sent to the Clerk by the Chief Judge of Civil District Court, which provides:
The Judges of the Court En Banc, at their regular meeting of this date have directed me as Chief Judge to inform you that the fees schedule of this court requires each plaintiff to pay the full filing fees in petitions of multiple plaintiffs unless the lawsuit arises from one single incident, such as an automobile accident.
The Clerk contends that the statutory authority given to the judges to impose fees along with the 1993 En Banc order allows the Clerk to collect an answer fee from defendants for each claim stated by plaintiffs. The Clerk contends that because the circumstances surrounding the asbestos exposure of each claimant is different, each claim is different. Therefore, the Clerk argues that although several claims of multiple plaintiffs are stated in one ^petition, each claim must be answered by a separate answer. The Clerk contends that the published fee schedule authorizes this assessment of multiple fees as the filing fee for an answer to a demand is $125.00, and each claim is a separate demand requiring a separate answer fee. We do not agree.
This ease involves the interpretation of Local Court Rules related to the setting court costs. The Local rules in effect at the time the defendants in these consolidated cases filed their answers make no mention of additional fees to be paid by defendants who have been sued by multiple plaintiffs. Local Court Rules, like statutes, are subject to the rules of statutory construction. Perhaps the most common of the rules of statutory construction is the principle requiring courts to construe statutes according to their plain and ordinary meaning. See, Vogt v. Board of Levee Commissioners of Orleans Levee District, 95-1187, pp. 9-10 (La.App. 4th Cir. 9/4/96), 680 So.2d 149, 155, citing State, Department of Transportation and Development v. Walker, 95-0185 (La.6/30/95), 658 So.2d 190. As stated by this court in Vogt, “[w]hen the law is clear and unambiguous and its application does not result in absurd consequences, it shall be applied as written and no interpretation may be made in search of the legislature’s intent.” Id., citing La. C.C. art. 9. Moreover, courts must give credence to the clear mandate expressed in a statute, and cannot resort to construing such a statute based on the spirit of the law as opposed to the plain wording of the law. Id. The Clerk of Court in the instant case requests this court to ignore the clear meaning of the Local Court Rule establishing filing fees for ^defendants in favor of the “spirit” *378 of the rule. The rules of statutory construction prevent such an interpretation.
Pursuant to La.R.S. 13:1213.1, the En Banc Civil District Court judges are authorized to set an amount for the fees to cover the costs of filing all pleadings in that court. Further, this fee may vary according to the type of lawsuit, and the judges may establish different fees for plaintiffs and defendants. Thus, pursuant to established statutory authority, if the En Banc Civil District Court intended to authorize the Clerk to charge more than one answer filing fee from a single defendant in multiparty litigation, the En Banc Court could have implemented such authorization in an order or by amending the existing fee schedule. However, the records of these proceedings contain no such authorization.
In fact, the 1993 En Banc order as it was communicated to the Clerk of Court does not include a reference to defendants or to the fee for filing an answer. Rather, by its express terms,- the order states that each plaintiff is required to pay the full filing fee in petitions of multiple plaintiffs. Further, nothing in the fee schedule which was in effect at the time these pleadings were filed provides that the $125.00 answer filing fee can be multiplied by the number of plaintiffs named in one suit. The $125.00 answer fee applies to the filing of an answer to the ancillary or main demand, without mention of the number of claims contained in that demand.
Contrary to the contentions of the Clerk of Court, neither the En Banc order, the Local Court Rules or the published fee schedule supports the imposition of a multiplier to compute the amount owed for filing an answer by a defendant in multiparty litigation. Although multiple claims may be | ^contained within one lawsuit, we fail to find any evidence of an express authorization for charging a separate answer fee for each claim asserted. The Clerk’s argument in this regard is without merit.
' We have reviewed the records of these appeals, and fail .to find any evidentiary support for the Clerk’s argument that the Civil District Court judges authorized the additional filing fees imposed by the trial courts. Quite simply, there is no en banc order or local court rule that authorizes multiplication of the answer fee in this type of multiple-party litigation. Thus, absent a clear rule or order from the judges of Civil District Court, the Clerk of Court has no authority for seeking to charge greater than the amount authorized in the published fee schedule, i.e., $125.00 for each answer. Moreover, the attorney filing the petition has no duty, absent a clear directive from the judges of the Civil District Court, to inform the intake clerk at the time the pleading is filed that multiple answer fees are due. The trial courts clearly erred in determining otherwise.
We also find that the lower courts erred in holding the defense attorneys personally liable for these filing fees. La. C.C.P. art.1920 allows a court to render judgment for costs against any party. The defense attorneys cast in judgment in this case are not and have never been parties to this litigation. Further, the enabling legislation, La. R.S. 13:1213.1, allows the judges to authorize the Clerk to demand from plaintiffs and defendants the appropriate filing fees. There is no language authorizing the .collection of these fees from the attorneys filing the pleadings.
In fact, there is no legal authority in Louisiana for holding an attorney who signs an answer on behalf of a party liable for costs of filing the ^pleading. Although the Clerk relies on the case of Pagoulato v. Real Value Food Stores, 572 So.2d 1201 (La.App. 4th Cir.1990), writ denied, 576 So.2d 48 (La.1991) to support her position, we fail to find this case to be controlling in the present situation. In that case, a panel of this Court, in affirming a personal judgment against an attorney for outstanding jury fees, relied on a specific en banc order, dated October 8, 1987, authorizing the collection of jury fees from the attorney who requested the jury. There is no *379 such authorization in the present case, nor is the 1987 order applicable herein. Thus, we conclude that the judgments rendered in these cases against the defense attorneys personally are contrary to law.

Conclusion

Accordingly, for the reasons stated herein, the judgments of the lower courts rendered in favor of the Clerk of Court on the Rules to Tax Costs are hereby reversed. Appellee is to bear all costs of these appeals.

REVERSED.

. By orders of this Court, seven appeals and one application for supervisory review were consolidated for our review herein.