11 JONES, Judge.
Defendant/appellant, J. Michael Johnson, appeals the judgment of the trial court granting the Rule to Tax Costs filed by Dale N. Atkins in her capacity as the Clerk of Court for Orleans Parish. In his appeal, Johnson cites the following assignments of error: (1) failure to have a contradictory hearing; (2) improper service; (3) improper use of summary proceedings; (4) assessing costs against a non-litigant; (5) improper imposition of multiple fees; and (6) issue preclusion. Following our review of the record, we reverse the judgment of the trial court.

FACTS

On February 26, 1992, plaintiffs filed a Petition for Damages against Combustion Engineering, Inc. (Combustion), and twenty-four other defendants for contributing to Plantiffs having contracted of asbestosis and other asbestos-related diseases. On March 20, 1992, Johnson, as the attorney of record for Combustion, filed an Answer to the Petition for Damages with a Cross-Claim against each of Combustion’s co-defendants included therein. Upon filing Answer to the Petition for Damages, Johnson paid the required filing fee for one answer and one cross-claim.
|2On July 22,1997, Dale N. Atkins, Clerk of Court for Civil District Court for Orleans Parish, filed a Rule to Tax Costs in the amount of $2,325.00 against Johnson personally for the delinquent filing fees owed by Combustion. The Rule to Tax Costs was filed pursuant to LSA-C.C.P. art.1920. Johnson responded to the Rule to Tax Costs by filing exceptions of No Cause of Action, Insufficiency of Service of Process, Insufficiency of Citation and Unauthorized Use of Summary Proceedings. Notwithstanding these exceptions, the trial court rendered its judgment in favor of the Clerk of Court without conducting a contradictory hearing. From this judgment, Johnson appeals.
Johnson argues that the rule, which was granted in favor of the Clerk of Court, should be reversed because the trial court failed to hold a contradictory hearing on the matter. Johnson also argues that the judgment herein assessed costs against a non-litigant to the action.[1] We agree.
LSA-C.C.P. art.1920 provides in pertinent part that a party who is obligated to pay costs may be taxed by a rule to show cause unless a judgment provides otherwise. Furthermore, LSA-R.S. 13:1213.1 grants the Clerk of Court for Orleans Parish the authority to demand and receive from the plaintiffs and defendants a fee to cover the costs of all pleadings filed respectively by the plaintiff and by the defendant. (Emphasis added). However, we note that the statute does not make the attorneys of record personally liable for the filing fees unless the pleadings were filed by facsimile and did not include a request for the litigant to be declared a pauper. See Civil District Court Local Rule 5 § 1. Therefore, we find *291 that Johnson should not be held personally liable for filing fees not paid by his client.
^Additionally, we find no legal authority for allowing the Clerk of Court to impose a multiplier against the standard filing fee when the case involves a number of parties. In Adams v. Airco Welding Products, 98-0286, (La.App. 4th Cir. 7/21/99), 739 So.2d 375, the Clerk of Court sought additional filing fees from various defense attorneys in a lawsuit similar to the one at issue. Four separate divisions of the Civil District Court rendered conflicting judgments on whether the filing fees were properly assessed against the attorneys of record. On appeal, this Court found that the Local Rules for Civil District Court are subject to the rule of statutory construction. In other words, the plain and ordinary meaning of the words used in the statue governed. See Adams, 739 So.2d at 377. Because the judges of the Civil District Court did not explicitly authorize the multiplication of filing fees for lawsuits involving multiple parties, this Court reversed the trial court’s judgment in favor of the Clerk of Court.
Likewise, we find no explicit authorization in the record before this Court to allow the Clerk of Court to impose a multiplier against Johnson for additional filing fees owed by the litigant, Combustion. Accordingly, we find that Johnson is not personally liable for the delinquent filing fees owed by Combustion as calculated by the Clerk of Court.

DECREE

For the foregoing reasons, the judgment of the trial court is hereby reversed and the case is remanded to the trial court for further proceedings.

REVERSED AND REMANDED.

. The appellee, Dale N. Atkins, did not submit a brief in this appeal; therefore, our discussion of the issues in this appeal is limited to those issues raised by Johnson.