STOKER, Judge.
This appeal deals with the proper amount of compensation to be paid the liquidator of a partnership and the propriety of an award of an expert witness fee to an accountant testifying in opposition to the amount of the liquidator’s fee.
FACTS
Pasternack’s was originally a partnership between Joe Pasternack, Jr. and his father, Joe Sr. The partnership was involved in the retail sale of furniture, hardware, and lumber and in investments. Upon Joe Sr.’s death in 1963, the partnership was continued between Joe Jr. and his mother, Mrs. Agatha Kullman Pasternack. Mrs. Paster-nack owned outright a one-fourth interest and had the usufruct of the one-fourth inherited by Joe Jr. and Betty Pasternack Samuels in equal proportions from their father. After Mrs. Pasternack died in 1979, Joe Jr. and Mrs. Samuels agreed to continue the partnership with Joe Jr. owning a ⅝ interest, Mrs. Samuels owning a ⅛ interest, and the Succession of Mrs. Paster-nack owning a xk interest. Joe Jr. was the managing partner and the partnership could be terminated upon ninety days’ notice by any partner.
Following Mrs. Samuels’ letter dated September 4, 1981, notifying Joe Jr. of her desire to terminate the partnership, the partnership was terminated as of December 3, 1981, except for purposes of liquidation. The trial court named Joe Jr. as liquidator of the partnership with a fee set at two and one-half percent of the total assets of the partnership. The trial court *971 judgment provided that at termination of the liquidation proceedings either party could apply for an increase or decrease.
Joe Jr. ultimately filed a Petition for Homologation of Final Account and Proposed Tableau of Distribution in which he showed the total assets of the partnership as $3,065,505.95. The proposed liquidator’s fee was two and, one-half percent of that amount or $76,637.64. Mrs. Samuels opposed the fee as excessive, but after a hearing the trial court approved the fee and the proposed final distribution. Mrs. Samuels appeals this ruling.
Mrs. Samuels claims that the trial court erred (1) in setting the liquidator’s fee at $76,637.64, and (2) in failing to tax as a cost of the proceeding the fee charged by the accountant used as Mrs. Samuels’ expert in the opposition to the liquidator’s fee. We affirm.
LIQUIDATOR’S FEE
There is neither statutory provision setting a fee for a liquidator nor any apparent ease law on this matter. In its oral reasons for judgment, the trial court compared the liquidator of a partnership to an executor or administrator of a succession. The compensation to be awarded an executor or administrator is regulated by LSA-C.C.P. art. 3351 which provides in pertinent part:
“In the absence of a provision in the testament or an agreement between the parties, the administrator or executor shall be allowed a sum equal to two and one-half percent of the amount of the inventory as compensation for his services in administering the succession. The court may increase the compensation upon a proper showing that the usual commission is inadequate.”
Mrs. Samuels does not claim that Joe Jr. is not entitled to a fee, only that the fee awarded is excessive. In Succession of Lasyone, 395 So.2d 413 (La.App. 3rd Cir., 1981), this court held that the trial court has much discretion in setting a succession administrator’s fee and the fee award can be disturbed only if that discretion has been abused. We conclude that this standard of review should be applicable to the award of a liquidator’s fee and make our findings in accordance with that standard.
The trial court in this case acted reasonably in comparing a liquidator to an executor or administrator and did not abuse its discretion in awarding a fee of two and one-half percent of the partnership assets. However, it is Mrs. Samuels’ claim that the fee should be based on the work performed and that on this basis the fee of $76,637.64 is excessive. She points out that Joe Jr. was awarded by the court a management fee of $5,500 per month for the period he managed the partnership without compensation from his mother’s death up until the time of liquidation. According to Mrs. Samuels, the liquidation of the partnership was substantially completed at the beginning of April, 1982, taking only four months. Therefore, she asserts that the liquidation fee should be no more than $22,000 (four months at $5,500 per month). We disagree.
As pointed out by the trial court, additional factors are involved in the liquidation of a partnership which are not involved in day-to-day management. During the period of liquidation, Joe Jr. was involved in conducting “going-out-of-business” sales, “moonlight madness” sales, auctions, and sheriffs’ sales in an effort to get the highest cash value for the partnership assets. He also conducted numerous investment transactions in order to get the highest return in the shortest amount of time. Further, the trial court correctly pointed out that the liquidator assumes a serious fiduciary responsibility and is required to post a bond. In any event, Joe Jr.’s duties extended beyond the date on which the bulk of the physical assets were sold. He continued to make court appearances and keep up with the investments of the partnership to the best interests of all concerned. We note that there is no allegation that he did not act prudently.
The Petition for Homologation of Final Account and Proposed Distribution was filed on January 11, 1983, and an amended *972 petition was filed on February 17, 1983. Thus, the period of liquidation was approximately fourteen months. We note that fourteen months at a salary of $5,500 per month equals $77,000, an amount very close to that awarded by the trial court.
Much is made of the fact that during the last few years of the partnership, the amount of liquid assets or working capital was far in excess of what was needed for the business. Mrs. Samuels introduced the testimony of Erik Hearon, a certified public accountant, who stated that under the formula set out by the Tax Court in Bardahl Manufacturing Corporation v. Commissioner of Internal Revenue, 24 T.C.M. 1030 (Tax Ct.1965), Pasternack’s had an excess of working capital consisting of cash and bonds of $1.9 million in 1980 and 1981. According to Hearon, much of this should have been distributed to the partners; however, he admitted that most of the funds were reinvested in bonds and certificates of deposit. He also admitted that the business of Pasternack’s had significantly changed over the past several years from a retail business to one primarily of investment. There is nothing in Mr. Hearon’s testimony which convinces us that the liquidator’s fee should be reduced simply because too much capital had been allowed to accrue.
Under the circumstances, we cannot say that the trial court abused its discretion in setting the liquidator’s fee. Accordingly, we affirm that award.
EXPERT FEES
The trial court failed to cast Pasternack’s for the fee of Mr. Erik Hearon, Mrs. Samu-els’ expert witness. She claims this was error. We disagree.
Since Mrs. Samuels lost in the trial court in her attempt to reduce the liquidator’s fee, the cost of her expert was properly not taxed as costs to the partnership as Mrs. Samuels was the “party cast in judgment” on the issue. LSA-R.S. 13:3666; see also Holliday v. Continental Can Company, Inc., 351 So.2d 181 (La.App. 2d Cir.1977).
CONCLUSION
For the reasons set out above, we affirm the judgment of the trial court. Costs of this appeal are assessed to Defendant-Appellant, Betty Pasternack Samuels.
AFFIRMED.