665 So.2d 503 (1995)
Daniel R. TAMPORELLO and Carol Tamporello
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Harold J. Leblanc, Jr. Individually and as Natural Tutor for His Minor Child, Angela M. Leblanc.
No. 95-CA-458.
Court of Appeal of Louisiana, Fifth Circuit.
November 15, 1995.
Lisa A. Montgomery, J. Ronald Ward, Jr., Metairie, for Plaintiffs/Appellants.
Joseph B. Landry, New Orleans, Louisiana, for Appellees/Cross-Appellants.
Before BOWES and WICKER, JJ., and ROBERT J. BURNS, J. Pro Tem.
WICKER, Judge.
This is a personal injury lawsuit in which defendants, State Farm Mutual Automobile Insurance Company and Harold J. Leblanc, *504 Jr., appeal a judgment in favor of plaintiff, Daniel R. Tamporello. Tamporello and his wife, co-plaintiff Carol Tamporello, have cross-appealed. We vacate the judgment and remand for new trial before a jury.

FACTS
The case arose out of a July 28, 1992 collision between a truck driven by Daniel Tamporello and an automobile owned by Harold Leblanc and driven by his minor daughter, Angela Leblanc. Tamporello sued, claiming soft tissue injuries as a result of the accident. Defendants obtained an order for a jury trial on September 3, 1993, which stated in pertinent part:
The Cash Deposit shall be filed with the clerk of Court Within 20 Days prior to Trial. The Receipt for the Deposit shall be presented to the Court Prior to Commencement of the Trial.... Failure to Post the Cash Deposit shall constitute a Waiver of Trial by Jury.
Trial of the matter was scheduled to begin on Monday, January 9, 1995. At a pretrial conference on the morning of trial plaintiff's counsel urged an oral motion to strike jury because defendants had not yet paid the cash deposit required by the jury order. The judge indicated she would strike defendants' jury trial, but did not rule on the matter at the conference. The matter was set fifth on the court's docket for that day. The matters preceding it settled. When defense counsel learned that the case would go to trial, she paid the cash deposit to the clerk of court.
When the case was called for trial, however, plaintiff's counsel reurged his motion to strike the jury. The court granted the motion to strike, stating that the cash deposit should have been filed 20 days before the date of trial, so that payment of the deposit on the day of trial was untimely. Defendants sought writs from this Court on an emergency basis, which were denied with the statement, "On the showing made, we find no error in the trial judge's ruling. Accordingly, the writ is denied."
The trial proceeded as a bench trial. At the start of plaintiffs' case it was discovered that defendants Angela Leblanc and Harold Leblanc, whom plaintiff's counsel had subpoenaed as witnesses in the case-in-chief, were absent. Counsel for State Farm, who represented the Leblancs, informed the court she had told her clients they would not have to be available that day until she telephoned them, because she did not know how long it would take the court of appeal to rule on her writ application regarding the jury trial. The court took a brief recess to allow defense counsel to contact the Leblancs.
Thereafter the judge held a contempt hearing on defense counsel's actions regarding the appearance of the Leblancs. The judge stated on the record that defense counsel had not subpoenaed the Leblancs; rather, plaintiff's counsel had subpoenaed them.[1] The judge stated that she considered defense counsel's action in excusing the Leblancs from their subpoenas a violation of La.Code Civ.P. art. 222.1.[2] After colloquy between the judge and defense counsel, in which defense counsel orally moved to recuse the judge for bias against counsel, the judge found defense counsel in contempt for excusing the Leblancs from appearing in court that morning without requesting the court's permission. The judge imposed a fine of $500 against defense counsel.
Defense counsel thereupon filed another writ application in this Court, both as to the contempt ruling and as to the recusal motion. We denied writs, stating,
"On the showing made, we see no error in the trial court's denial to recuse herself from this litigation. However, we do note an error in the contempt ruling in that *505 La.R.S. 13:4611 only allows for a fine of $100 for direct contempt.
The contempt judgment is an appealable judgment and thus the relator had an adequate remedy on appeal."
Thereafter the case proceeded to a bench trial on the merits, resulting in judgment for plaintiff.
On appeal, defendants assert the trial court erred in the following respects: striking the order for a jury trial; failing to permit defendants to proffer evidence the court had ruled inadmissible; refusing to admit surveillance films and testimony as impeachment evidence against plaintiff; denying defendants' motion for recusal and refusing to refer the motion for recusal to another judge for hearing; and awarding an excessive amount of general damages.
In the cross-appeal, plaintiffs assert the trial court erred in failing to award damages for loss of earnings/loss of earning capacity, for future medical expenses, for loss of consortium, and future general damages. Plaintiffs also complain that the judgment failed to specify the defendants are liable for the damages awarded.

RIGHT TO JURY TRIAL
At the time of the trial La.Code Civ.P. art. 1734 authorized the trial judge both to fix the amount of the bond to cover costs related to a trial by jury and to fix the time for filing the bond. At that time La. Code Civ.P. art. 1734.1(A) provided, "When the case has been set for trial, the court may order, in lieu of the bond required in Article 1734, a deposit for costs, which shall be a specific cash amount, and the court shall fix the time for making the deposit, which time shall be within thirty days prior to trial." As mentioned above, the jury order in this case stated the deposit was to be made within twenty days prior to trial.[3]
The jury issues in this case parallel those in another recent decision of this Court. In Vincent v. Ray Brandt Dodge, 94-291 (La. App. 5th Cir. 3/1/95), 652 So.2d 84, 85, writ denied, 95-1247 (La. 6/30/95), 657 So.2d 1034, the trial judge struck the jury because defense counsel had not paid the cash deposit for the jury until the morning of trial. The trial judge, like the judge in this case, interpreted the requirement of payment "within [number] days prior to trial" as requiring that the deposit be made before the designated number of days prior to trial. Although this Court had denied the writ application on the issue made during the course of the trial, on later appeal of the merits we set aside the judgment and remanded the case for a jury trial, as follows:
The "law of the case" principle embodies the rule that an appellate court will not reconsider its own rulings of law in the same case. However, the doctrine is discretionary and is not applicable in cases of palpable error or when, if the law of the case were applied, manifest injustice would occur. * * *
The Louisiana Supreme Court has held that "the right of a litigant to [a] jury trial is fundamental in character and the courts will indulge every presumption against a waiver, loss or forfeiture thereof." See Champagne v. Am. S. Ins. Co., 295 So.2d 437, 439 (La.1974) (citations omitted).
* * * * * *
The trial court seemingly changed the wording of [La.Code Civ.P. art. 1734.1] from "within" to "before," thus choosing to ignore the jurisprudence of this State which dictates the preservation of a jury is predominant in cases of doubtful statutory interpretation. * * *
Because the record reflects that even the trial court conceded the language in the statute was problematic, we hold it was error to deprive the appellants of their fundamental right to a jury trial when they had presented payment of the proper amount before trial commenced. As the law dictates, courts must be liberal in their interpretation in order to preserve a litigant's fundamental right to a jury trial.
*506 Our holdings in Vincent apply equally to this case. We find it was "palpable error" for the trial court to strike the jury when litigants had paid costs on the morning of trial and the receipt was presented prior to the commencement of trial. Vincent, supra. Accordingly, we shall vacate the judgment rendered in the bench trial and remand the matter for a jury trial.

OTHER ISSUES
Although our decision on the jury issue makes moot most other issues raised on this appeal, we must address the issue of recusal of the trial judge.[4]
On appeal defendants contend the trial judge erred by not recusing herself and in refusing to refer the motion for recusal to another judge for hearing. Defendants cite several acts by the trial judge which allegedly demonstrate her bias against the defendants and/or defense counsel: (a) The judge imposed a time limit on filing of an emergency writ application during trial and allegedly inserted the time into the order after the deadline had already passed and without giving prior notice of the deadline to counsel. (b) In the contempt proceedings against defense counsel the judge imposed a fine against counsel far in excess of the statutory amount. (c) The judge refused to allow defense counsel legal representation during the contempt hearing. (d) The judge allegedly disregarded certain statements of plaintiffs' counsel which defendants contend were false representations to the court and to defense counsel. (e) The judge refused to allow defendants to proffer the medical records discussed above. (f) The court admonished defense counsel at the conclusion of the first full day of trial, but allegedly refused to allow the admonishment to be put on the record. (g) The judge refused to refer the motion to recuse to another judge for hearing.
A judge may be recused when he "[i]s biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys to such an extent that he would be unable to conduct fair and impartial proceedings." La.Code Civ.P. art. 151(B)(5). A party desiring to recuse a judge of a district court must file a written motion assigning the ground for recusation; if the motion sets forth a valid ground for recusation, the judge shall either recuse himself, or refer the motion to another judge for hearing. La.Code Civ.P. art. 154.
A judge is presumed to be impartial. The party seeking to recuse cannot merely allege lack of impartiality; he must present some factual basis. Earles v. Ahlstedt, 591 So.2d 741 (La.App. 1st Cir.1991). Bias, prejudice, or personal interest must be of a substantial nature and based on more than conclusionary allegations. Pierce v. Charity Hospital, 550 So.2d 211, 213 (La. App. 4th Cir.), writ denied, 551 So.2d 1341 (La.1989).
Where the motion to recuse does not set forth affirmative allegations of fact stating valid grounds for recusation, the trial judge may overrule the motion without referring the matter to another judge. La. C.Cr.P. art. 674; State v. Littleton, 395 So.2d 730 (La.1981); State v. Lukefahr, 363 So.2d 661, 663 (La.1978), and authorities cited therein. The allegations contained in the State's motion to recuse represent impressions and conclusions drawn *507 from the trial judge's participation as presiding judge in the trial of the defendant. Where the alleged bias or prejudice stems from testimony and evidence presented in the proceedings, the bias or prejudice is not of an extrajudicial nature as would warrant recusal. See United States v. Grinnell Corp., 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966).
State v. Williams, 601 So.2d 1374, 1375 (La. 1992).
Considering the above, and after our own careful examination of the record, we find no manifest error in the trial judge's denial of the motion to recuse. We agree the judge erred in failing to refer the motion for recusal to another judge after she denied it, but that point is now moot. We have reviewed the transcript and on the facts demonstrated therein we affirm denial of the motion to recuse.

DECREE
For the foregoing reasons, the judgment of the district court is vacated and the case is remanded for new trial before a jury consistent with the views set forth herein. The parties are to bear their own costs for this appeal.
JUDGMENT VACATED; CASE REMANDED FOR TRIAL BY JURY.
NOTES
[1] Defense counsel later pointed out to the court that she too had subpoenaed the Leblancs, by certified mail rather than by sheriff's service. La.Code Civ.P. art. 1355.1 permits service by certified mail of a subpoena that has been reissued due to continuance of a trial or hearing.
[2] La.Code Civ.P. art. 222.1 provides, "No person arrested or found guilty for the first offense of direct contempt of court ... for failure to comply with a subpoena to attend court to serve as a witness ... shall be subject to fingerprinting or have his photograph taken in any arrest or postsentence procedure."
[3] La.Code Civ.P. arts. 1734 and 1734.1 were amended in the 1995 legislative session to require that the time for filing the cash bond and for making the cash deposit in lieu thereof shall be "no later than thirty days prior to trial." (Emphasis added.)
[4] In the interest of clarifying matters for retrial, we deem it appropriate to comment on certain other issues raised on this appeal. One is whether the trial court erred in refusing to allow defense counsel to make a proffer of certain medical records the judge had ruled inadmissible. La.Code Civ.P. art. 1636 states, "When a court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof, or permit the party to make a statement setting forth the nature of the evidence." In McLean v. Hunter, 495 So.2d 1298, 1305 (La. 1986), the supreme court pointed out, "The very purpose of requiring a proffer is to preserve excluded testimony so that the testimony (whatever its nature) is available for appellate review. Without a proffer, appellate courts have no way of ascertaining the nature of the excluded testimony."

The other issue is whether the trial court erred in ruling inadmissible certain impeachment evidence the defendants attempted to introduce, consisting of surveillance videotapes and testimony of a private investigator. The recent case of Olivier v. Lejeune, 94-697 (La.App. 3d Cir. 12/7/94), 649 So.2d 753, provides a good outline of current law on admissibility of videotapes.
We pretermit discussion of the issues raised by plaintiffs' cross-appeal, which are made moot by our decision to remand for a new trial.