32 So.3d 223 (2010)
Collette COVINGTON
v.
McNEESE STATE UNIVERSITY.
State
v.
London.
Byrd
v.
McNeese.
Murphy Cormier
v.
State.
State
v.
Pomes.
State
v.
London.
State
v.
Benoit.
Wallace
v.
Ilhi.
Porrier
v.
State.
State
v.
Hartstine.
State
v.
Wimberly.
Bellow
v.
State.
Nos. 2010-OC-0250, 2001-2355, 2004-CR-16927, 2006-5478, 2007-3828, 2007-CR-4099, 2007-CR-19533, 2007-CR-21063, 2008-2677, 2008-4078, 2008-CR-19800, 2008-CR-20352, 2009-274.
Supreme Court of Louisiana.
April 5, 2010.
*224 PER CURIAM.[*]
At issue in this application is whether the trial judge should be recused on grounds of bias and prejudice. For the reasons which follow, we find recusal is warranted.

FACTS AND PROCEDURAL HISTORY
This application arises from several criminal and civil matters pending in the 14th Judicial District Court for the Parish of Calcasieu which involve the State of Louisiana as a party, and which were randomly allotted to Judge Wilford Carter. The Louisiana Attorney General's Office ("AG"), which represents the State in these matters, filed a motion to recuse Judge Carter from hearing the cases.
In support of its motion, the AG alleged Judge Carter "has shown bias, prejudice, and personal interest in these cases to such an extent that he would be unable to conduct a fair and impartial trial" for purposes of La.Code Civ. P. art. 151 and La.Code Crim. P. art. 671. The AG claimed Judge Carter's bias, prejudice, and personal interest is based on the AG's previous conviction and present prosecution of Judge Carter's two sons in at least eight criminal cases.[1] Additionally, the AG asserted Judge Carter made disparaging comments and inappropriate remarks about the AG's office in several cases. Therefore, the AG maintained Judge Carter should be recused from hearing any cases involving the AG's office, and should not take any further action in any of these cases.
The cases were consolidated for the sole purpose of a hearing on the motion to recuse, which was randomly allotted to Judge Ronald Ware. After a lengthy evidentiary hearing, Judge Ware denied the AG's motion to recuse Judge Carter.
The AG applied for supervisory review of this ruling. The court of appeal denied the writ on the showing made.
The AG then applied to this court, seeking expedited attention on the ground that one of the cases, State v. Benoit, was scheduled to go to trial. We issued an order staying all proceedings in the Benoit matter. We further ordered Judge Ware to file a per curiam setting forth reasons for his denial of the motion to recuse.

DISCUSSION
The tantamount duty of a judge is to conduct fair and impartial proceedings. If he cannot conduct a fair and impartial proceeding because of bias or prejudice, he cannot hear the case. In re: Cooks, 96-1447, p. 17 (La.5/20/97), 694 So.2d 892, 903. In interpreting La.Code Civ. P. art. 151, the jurisprudence has held the article "requires a finding of actual bias or prejudice," which "must be of a substantial nature and based on more *225 than conclusory allegations." See, e.g., Southern Casing of Louisiana, Inc. v. Houma Avionics, Inc., 00-1930, 00-1931, p. 15 (La.App. 1st Cir.9/28/01), 809 So.2d 1040, 1050.
Our review of the record in this matter leads us to conclude the AG proved actual bias on the part of Judge Carter. The record is replete with instances in which Judge Carter has accused the AG's office of various improprieties, both in connection with matters pending before him, as well as in its prosecution of his sons' cases. In particular, the evidence suggests Judge Carter indicated his belief that the AG's office intimidated witnesses into making untrue statements. For example, in the transcript of the July 20, 2009 hearing in State of Louisiana v. J. Norris Carter (attached as exhibit "C" to the AG's application), Jennifer Williams testified regarding a conversation she had with Judge Carter, in which he told her "the attorney generals [sic] will try to make people say things that are not true."[2] Ms. Williams' testimony is reinforced by Judge Carter's own testimony during the recusal hearing, in which he testified as follows:
[Y]ou should not have gone over to Ms. Erica Mouton's job and intimidated her and made her feel very uncomfortable, to make her try to file a charge when you never filed a charge on nobody else in the case, and you never even asked my son his side of the story. You seem pretty much keyed in on one side, and that's all, and I don't think that's proper, in my son's case. I'm a father. But even as a jurist I just don't think that was right. Now, I'm not saying you're doing anything illegal, but I certainly question what you did.
* * *
Well, I never said you suborned perjury. That's a possibility. I said it was a possibility. I don't know, I can't say you did anything illegal. I think you done something improper as an officer of the court. I don't think a prosecutor ought to be going intimidating people that don't want to file charges, making them want to file charges, when they never even asked for the other side of the story.
[Transcript of the January 21, 2010 recusal hearing at pp. 243-244]
Judge Carter's testimony demonstrates his experiences in his sons' cases have caused him to believe the AG's office intimidated witnesses into filing charges which they did not wish to file. Clearly, Judge Carter's beliefs reveal an actual bias or prejudice against the AG's office, as these beliefs affect how he will view the veracity of witnesses presented by the AG's office. Considering the totality of the circumstances, we find the AG has presented sufficient evidence to require Judge Carter be recused from hearing these cases.[3]

DECREE
For the reasons assigned, the writ is granted, and the judgment of the district court is reversed. The motion to recuse Judge Wilford D. Carter from presiding *226 over these cases is granted. The case is remanded to the district court for reallotment of the cases pursuant to La.Code Civ. P. art. 157 and La.Code Crim. P. art. 676.
JOHNSON, J., dissents with assigned reasons.
JOHNSON, J., dissents, and assigns reasons.
The Louisiana Attorney General's Office seeks, in these twelve consolidated cases, to recuse Judge Wilford Carter, Division "F," "on any and all cases, any present cases, pending cases, and future cases, where the Attorney General is involved. The Attorney General argues that "Judge Carter's bias and prejudice against the office extends into `paranoia' reaching such a level that he cannot be trusted to sit on any case involving the Attorney General's office."[1]
There is simply no authority for the filing of this "blanket" motion to recuse. To the contrary, La.Code Civ. P. art. 151(A)(4) is phrased in the singular, providing that a trial judge shall be recused when he "[i]s biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced to such an extent that he would be unable to conduct fair and impartial proceedings." This language requires that the recusal determination must be made on a case-by-case basis, in light of the specific facts before the court, and any ruling by this Court, clearly, cannot serve as a blanket jurisprudential bar to Judge Carter presiding over all future cases in which the Attorney General represents a party.
The question of recusal turns on whether the Attorney General's office was able to show actual and substantial interest, bias, or prejudice on Judge Carter's part. In Succession of Manheim, 03-0282 (La. App. 4 Cir. 10/15/03), 859 So.2d 836, the court of appeal discussed these standards:
In order to justify recusal of a judge, bias, prejudice, or personal interest on the part of the judge must be of a substantial nature and be based on more than conclusory allegations. Tamporello v. State Farm Mutual Automobile Ins. Co., 95-458 (La.App. 5 Cir. 11/15/95), 665 So.2d 503. A judge can only be removed upon a finding of actual bias or prejudice; a substantial appearance of impropriety or even a mere appearance of impropriety are not causes for removing a judge. Southern Casing of Louisiana, Inc. v. Houma Avionics, Inc., XXXX-XXXX, XXXX-XXXX (La.App. 1 Cir. 9/28/2001), 809 So.2d 1040.
In the instant case, Judge Ron Ware determined that the Attorney General failed to satisfy his burden of proving Judge Carter has substantial bias against the Attorney General's office as a whole. Judge Ware found that Judge Carter may have a "problem" with one particular attorney, Mr. Kurt Wall, an assistant Attorney General in the Criminal Division, who has not been assigned as attorney of record in any of the twelve consolidated cases. Judge Ware concluded the evidence does not suggest Judge Carter's "problem" extended to any other lawyers employed by the Attorney General's office in the Civil Division, Criminal Division, or outside counsel.
As Judge Ware noted in his reasons for judgment, a strikingly similar argument was rejected in Edwards v. Daugherty, 97-1542 (La.App. 3 Cir. 3/10/99); 729 So.2d 1112, a case which also involved Judge Carter. Edwards involved a suit against the Calcasieu Parish Sheriff's Office which was allotted to Judge Carter. *227 The Sheriff moved to recuse Judge Carter because the Sheriff's deputies had arrested Judge Carter's son on murder charges. The Sheriff contended Judge Carter's actions demonstrated he could not conduct a fair and impartial proceeding. In finding Judge Carter should not be recused, the court of appeal stated:
Bias and impartiality are never assumed for obvious reasons: Assumptions are not facts and appearances are seldom as they seem. Thus, the legislature has not seen fit to include the latter as Article 151 causes for the recusal of a judge. Unaided by assumption, the record simply does not show Judge Carter was biased or prejudiced against the Sheriff or any deputy he expected and did call to testify in this particular case. Id, at 1121.
Edwards is analogous to the facts of the instant case. The Sheriff in Edwards, just as the Attorney General in the instant case, assumed that Judge Carter cannot try cases now before him, fairly, on the basis of remarks Judge Carter made in earlier, unrelated cases. However, as noted by the court of appeal, bias and impartiality are not to be assumed when determining whether a judge should be recused.

CONCLUSION
The decision of the court of appeal should be affirmed. The Louisiana Attorney General's Office has not proved that Judge Carter is so biased and prejudice as to warrant his recusal with regard to cases currently pending before his court in which the Attorney General represents a party, and certainly should not extend to any future filings.
NOTES
[*] Chief Justice Kimball not participating in this opinion.
[1] The cases were sent to the AG for prosecution because the District Attorney's Office recused itself.
[2] When asked about this testimony at the January 21, 2010 recusal hearing, Ms. Williams testified it had been awhile since the conversation occurred, and she could not specifically recall Judge Carter telling her the AG's office tried to get people to lie. However, Ms. Williams maintained she was truthful in her previous testimony.
[3] We do not mean to suggest recusal is warranted in every instance where a judge makes a remark which may be perceived as being critical of a party. Rather, our holding is limited to the unique facts of this case.
[1] Covington v. McNeese, Transcript p. 83.