JOHNSON, J.,
dissents, and assigns reasons.
|, The Louisiana Attorney General’s Office seeks, in these twelve consolidated cases, to recuse Judge Wilford Carter, Division “F,” “on any and all cases, any present cases, pending cases, and future cases, where the Attorney General is involved. The Attorney General argues that “Judge Carter’s bias and prejudice against the office extends into ‘paranoia’ reaching such a level that he cannot be trusted to sit on any case involving the Attorney General’s office.”[1]
There is simply no authority for the filing of this “blanket” motion to recuse. To the contrary, La.Code Civ. P. art. 151(A)(4) is phrased in the singular, providing that a trial judge shall be recused when he “[i]s biased, prejudiced, or interested in 12the cause or its outcome or biased or prejudiced to such an extent that he would be unable to conduct fair and impartial proceedings.” This language requires that the recusal determination must be made on a case-by-case basis, in light of the specific facts before the court, and any ruling by this Court, clearly, cannot serve as a blanket jurisprudential bar to Judge Carter presiding over all future cases in which the Attorney General represents a party.
The question of recusal turns on whether the Attorney General’s office was able to show actual and substantial interest, bias, or prejudice on Judge Carter’s part. In Succession of Manheim, 03-0282 (La. App. 4 Cir. 10/15/03), 859 So.2d 836, the court of appeal discussed these standards:
In order to justify recusal of a judge, bias, prejudice, or personal interest on the part of the judge must be of a substantial nature and be based on more than conclusory allegations. Tamporello v. State Farm Mutual Automobile Ins. Co., 95-458 (La.App. 5 Cir. 11/15/95), 665 So.2d 503. A judge can only be removed upon a finding of actual bias or prejudice; a substantial appearance of impropriety or even a mere appearance of impropriety are not causes for removing a judge. Southern Casing of Louisiana, Inc. v. Houma Avionics, Inc., 2000-1930, 2000-1931 (La.App. 1 Cir. 9/28/2001), 809 So.2d 1040.
In the instant case, Judge Ron Ware determined that the Attorney General failed to satisfy his burden of proving Judge Carter has substantial bias against the Attorney General’s office as a whole. Judge Ware found that Judge Carter may have a “problem” with one particular attorney, Mr. Kurt Wall, an assistant Attorney General in the Criminal Division, who has not been assigned as attorney of record in any of the twelve consolidated cases. Judge Ware concluded the evidence does not suggest Judge Carter’s “problem” extended to any other lawyers employed by the Attorney General’s office in the Civil Division, Criminal Division, or outside counsel.
As Judge Ware noted in his reasons for judgment, a strikingly similar argument |swas rejected in Edwards v. Daugherty, 97-1542 (La.App. 3 Cir. 3/10/99); 729 So.2d 1112, a case which also involved Judge Carter. Edwards involved a suit against the Calcasieu Parish Sheriffs Office which was allotted to Judge Carter. *227 The Sheriff moved to recuse Judge Carter because the Sheriffs deputies had arrested Judge Carter’s son on murder charges. The Sheriff contended Judge Carter’s actions demonstrated he could not conduct a fair and impartial proceeding. In finding Judge Carter should not be recused, the court of appeal stated:
Bias and impartiality are never assumed for obvious reasons: Assumptions are not facts and appearances are seldom as they seem. Thus, the legislature has not seen fit to include the latter as Article 151 causes for the recusal of a judge. Unaided by assumption, the record simply does not show Judge Carter was biased or prejudiced against the Sheriff or any deputy he expected and did call to testify in this particular case. Id, at 1121.
Edwards is analogous to the facts of the instant case. The Sheriff in Edwards, just as the Attorney General in the instant case, assumed that Judge Carter cannot try cases now before him, fairly, on the basis of remarks Judge Carter made in earlier, unrelated cases. However, as noted by the court of appeal, bias and impartiality are not to be assumed when determining whether a judge should be recused.
CONCLUSION
The decision of the court of appeal should be affirmed. The Louisiana Attorney General’s Office has not proved that Judge Carter is so biased and prejudice as to warrant his recusal with regard to cases currently pending before his court in which the Attorney General represents a party, and certainly should not extend to any future filings.

. Covington v. McNeese, Transcript p. 83.