BELSOME, J.,
dissents with reasons.
_JjA review of the record reveals that recusal was addressed by the trial judge numerous times, but there was no action taken. Even though the trial judge’s failure to self-recuse was not raised on appeal, the issue warrants review. For the following reasons, I must dissent from the majority.
Early on in this litigation the trial judge disclosed that the defendant, Austin Marks, was working as a volunteer intern in her chambers. Subsequent to that disclosure, a motion to recuse[1] was filed by the plaintiff followed shortly thereafter by a motion to withdraw his recusal request.
On the morning of trial, the trial judge again raised the issue of recusal. At that time, the trial judge further divulged that the defendant was not only an intern in her chambers, but she also knew his parents and his sister, who was a lifelong friend of her daughter. The judge then indicated that she would not proceed without the consent of both the plaintiff and his counsel. Counsel responded, but the plaintiff was silent on the matter. The trial judge proceeded with trial.
LThe primary duty of a judge is to conduct fair and impartial proceedings.[2] *940 The appearance of impropriety is not grounds for recusal. However, if the judge cannot conduct a fair and impartial proceeding because of bias or prejudice, he cannot hear the case.[3]
The numerous discussions regarding re-cusal indicate that the trial judge was aware of the appearance of impropriety. Despite these, concerns, the trial judge convinced the plaintiffs counsel that she could remain impartial. Although the trial judge may have believed that she could be objective, the effort she expended to discredit the plaintiff exposes her inability to do so. In the judge’s written reasons, she goes to great lengths to assault the plaintiffs character and propensity for dishonesty.[4] However, she overlooked the fact that the plaintiffs credibility was largely irrelevant to the question of damages since proof of his . injuries was established through uncontested medical documentation and expert testimony.
This is a case that clearly required self-recusal. For these reasons, I would reverse and remand for a new trial with an unbiased jurist.

. La. C.C.P. art. 151 provides:
(A) A judge of any court, trial or appellate, shall be recused when he:
⅝ ⅝ ⅜ ⅜ ⅜ ⅝
(4) Is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys or any witness to such an extent that he would be unable to conduct fair and impartial proceedings.

. In re: Cooks, 96-1447, p. 17 (La.5/20/97), 694 So.2d 892, 903.

. See In re Succession of Manheim, 03-282, p. 8 (La.App. 4 Cir. 10/15/03), 859 So.2d 836, 840; and Cooks, supra.

. To substantiate her conclusions, the trial judge cited to his "[l]ess than honest behavior” during his senior year in high school, his uncorroborated testimony that the defendant paid off the driver of the first vehicle, his dishonesty to a defense expert regarding his employment status, and his misuse of loan money.